### WM. WOODS v. W. A. HUFFMAN.

(Case No. 5365.)

1. AMENDMENT — NEW CAUSE OF ACTION — COSTS. — A suit was brought to recover the value of machinery alleged to have been wrongfully converted by defendant. Afterwards by amendment the plaintiff charged that the defendant wrongfully procured an attachment to issue and to be levied on the machinery, and had it sold for a nominal price to satisfy a debt due from plaintiff to defendant, whereby he was damaged by having the property thus sold sacrificed. Held, that the amendment presented a new cause of action, and plaintiff was chargeable with all costs incurred up to the filing of the amendment. The right to amend, changing the character of the action, existed.

2. LIMITATION. — The limitation of two years applies to an action to recover damages claimed on account of the seizure and sale of property under an

attachment wrongfully sued out. In such a suit the cause of action could not have accrued at an earlier period than the date when the property was seized under the writ.

3. ATTACHMENT.— An attachment is wrongfully sued out when the facts on which it is based do not exist, and the defendant in attachment can recover whatever actual damages he sustains by the seizure of his property under the writ thus wrongfully obtained.

4. DAMAGES.— In a suit to recover damages caused by the sacrifice of property by sale under an attachment wrongfully sued out, the fact that other ground for attachment than that mentioned in the writ existed, while it might perhaps be pleaded and shown in mitigation of damages, would not constitute a defense to the action.

5. SAME.— The irregularity of the proceedings under which property is thus wrongfully seized and sacrificed can constitute no defense in an action for damages.

APPEAL from Tarrant.    Tried below before the Hon. M. D. Priest, Special Judge.

*Furman, Steadman & Capps*, for appellant, that the court erred in sustaining the general demurrer, cited:   Culbertson *v.* Cabeen, 29 Tex., 247; Cahn *v.* Bonnett, Texas L. Rev., vol. 5, No. 7, p. 93; Stegall *v.* Huff, 54 Tex., 193; Murchison *v.* White, 54 Tex., 78.

That it erred in its ruling on limitation, they cited:   Burr *v.* Lewis, 6 Tex., 78; Hale *v.* Ames, 15 Am. Dec., p. 150; Portland *v.* Read, 11 Allen, 231; Woodbury *v.* Long, 8 Pick., 542.

*Carter, Wynne & De Berry*, for appellee, cited:   McNeill *v.* Hallmark, 28 Tex., 157; Freeman on Judgments, sec. 126 and note; Drake on Attachments, sec. 743 and note.

WILLIE, CHIEF JUSTICE.— This suit was originally brought to recover the value of some machinery of the plaintiff, alleged to have been wrongfully converted to the use of the defendant.   Subsequently, by an amended petition, it was changed into a suit to recover damages for wrongfully suing out an attachment, and levying the same upon the machinery, and having it sold at a nominal price to satisfy a debt due from the plaintiff to the defendant.

This was, of course, a new cause of action, and should subject the plaintiff to the payment of all costs of suit accruing down to the date of filing the amended petition.

In passing, too, upon the special demurrer setting up limitation, time must be computed from the accrual of the cause of action down to the filing of the amendment.

But the right to set up a new cause of action subject to the payment of costs and to the right of the defendant to plead any de-

fense accruing down to the date of the pleading, changing the nature of the suit, is now too well settled to require further notice.

We have held that it requires two years to bar an action of this character. Bear Bros. & Hirsch *v.* Marx & Kempner, *infra.*

If we can compute time from the day when the machinery was seized under the attachment, viz., the 12th of December, 1882, the action was not barred, for the amended petition was filed on the 9th of December, 1884.

The cause of action could not have accrued at any earlier date, as the appellant could not have sued for the loss of his property before it was taken under the attachment. As to whether or not his right of action accrued at a later date, it is not necessary for us to decide for the purposes of this case. As two years had not elapsed from the accrual of the cause of action to the time of filing the amended petition, the court erred in sustaining the special demurrer setting up the statute of limitations as a defense to the suit.

Neither was the other special demurrer well taken. It is the law of this court that an attachment is wrongfully sued out when the grounds upon which it is based do not exist; and that the defendant in attachment is entitled to recover whatever actual damages he has sustained by the seizure of his property under the writ so wrongfully obtained. Bear Bros. & Hirsch *v.* Marx & Kempner, 5 Tex. Law Rev., 158.

The ground stated in this affidavit was that the appellant and a party jointly sued with him had transferred their property for the purpose of defrauding their creditors. This the petition denies, and alleges to be untrue in every respect. The claim of the plaintiff is for actual damages alone.

The value of the property attached is alleged to have been $1,400. At the sale under foreclosure of the attachment lien it brought only $45. That the appellant was actually damaged to a large amount by the unlawful seizure and forced sale of his property is therefore perfectly apparent from the allegations of the petition.

He did not claim damages for a malicious prosecution of the writ of attachment.

To such an action it might perhaps be pleaded, at least in mitigation of damages, that grounds of attachment other than those named in the affidavit existed at the time against the defendant in attachment. But under the previous decisions of this court allowing the recovery of actual damages in all cases where the affidavit is untrue, we do not think it would be any defense to an action for wrongfully suing out the writ. The non-residence of the appellant at the

time the writ was sued out upon another ground is, therefore, of no importance upon the question of damages as claimed in the petition.

The appellant, upon establishing the other allegations of the petition, would be entitled to a recovery of actual damages, whether there was a strict compliance with the statute regulating proceedings in suits by publication or not. His damages, if any, arose from the conversion of his property under a writ of attachment wrongfully sued out, and not from obtaining a judgment against him in an irregular manner. Had he been in court by personal service of citation, yet if a wrongful attachment sued out in the action had caused an illegal seizure and conversion of his property, he would still have been entitled to damages for the injury he had thereby suffered.

We think the court erred in sustaining the appellee's demurrers, and the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 1, 1885.]