HENRY NEEPER ET AL. v. L. R. IRONS AND WIFE.

(No. 2387.)

APPEAL from Navarro County. Opinion by WILLSON, J.

SIMKINS & NEBLETT, counsel for appellants.

READ, GREER & GREER and W. J. McKIE, counsel for appellees.

§ 180. *Jury trial; presumption that it was properly granted until contrary appears; case stated.* Appellees sued appellants to recover damages, actual and exemplary, for the alleged wrongful and malicious suing out and levy of an attachment upon certain household goods, etc., belonging to appellees, and which they claimed to be exempt property. The cause was placed upon the jury docket at the instance of the appellees, and a trial by jury was had, which resulted in a verdict for appellees for $392.92, and judgment was rendered accordingly. It is assigned as error that the court granted appellees a trial by jury, they not having paid the jury fee. *Held:* It does

not appear from the bill of exceptions reserved to this action of the court but that appellees made and filed the affidavit provided by article 3067, Revised Statutes, which affidavit would have entitled them to trial by jury, without the payment of a jury fee. In the absence of a showing that such affidavit was not filed, it will be presumed that it was, and that the jury trial was properly granted.

§ 181. *Continuance; third application for, held insufficient.* The application for a continuance made by appellants was a third one, and it did not comply with the statute. It did not state that the absent testimony could not be obtained from any other source, nor that the continuance was not sought for delay, but that justice might be done. [R. S. art. 1278.] It was not error to refuse it.

§ 182. *Exempt property; removal from the state does not forfeit owner's right to recover for conversion of.* Appellants pleaded that appellees had no homestead or domicile in Texas, and were transient persons; that they had abandoned this state and gone to Arizona, where they then lived. This pleading, upon exception thereto by appellees, was stricken out. *Held* correct. It was no defense to this action that appellees had removed from this state, after the seizure of their property under the attachment. It is not claimed that they were not citizens of this state at the time of such seizure. The wrongful seizure of their property vested in them a right of action which their subsequent removal from the state did not defeat or impair. It would be an unjust rule which would make their removal from the state forfeit their right to recover for property of which they had been wrongfully deprived while in the state.

§ 183. *Household and kitchen furniture is exempt without limitation.* It was not error to instruct the jury that all the household and kitchen furniture owned by appellees was exempt. Such is the plain letter and meaning of the statute. [R. S. art. 2335.] All such property is exempt, no matter when acquired, and without reference to the quantity or the value thereof, or

whether it all be at the same place. If it be household or ·kitchen furniture, it is exempt without limitation, exception or qualification.

§ **184.** *Attachment; wrongful and without probable cause, when.* It was not error under the facts of this case to instruct the jury that if the goods levied on were household and kitchen furniture, the attachment was issued without probable cause and was wrongful, whether appellants believed or not that said property was subject to attachment. The ground for the attachment was that appellee L. R. Irons was about to remove his property or a part thereof out of the county with intent to defraud his creditors. It is shown by the evidence that this ground did not exist, because the property referred to was exempt property, and its removal could not be said to be for the purpose of defrauding creditors, because it was not subject to the claims of creditors. An attachment is wrongfully sued out when the grounds upon which it is based do not exist. [Woods v. Huffman, 64 Tex. 98; Bear Bros. & Hirsch v. Marx & Kempner, 5 Tex. Law Rev. 158.]

§ **185.** *Wife may join with husband in suit for damages for conversion of exempt property.* This is not a suit to recover damages for the conversion of *community property* as such, but is a suit to recover damages for the conversion of *exempt property.* The wife is a property party plaintiff in such suit. [2 W. Con. Rep. § 422.]

November 20, 1886.                          Affirmed.