### EDMONDSON v. CARROLL.
### No. 12282.

Court of Civil Appeals of Texas. Fort Worth. March 15, 1930.

Rehearing Denied April 12, 1930.

Chas. T. Rowland, of Fort Worth, for appellant.

Slay & Simon and Kelly Shannon, all of Fort Worth, for appellee.

DUNKLIN, J.

O. P. Storm executed to Mrs. L. S. Ross his two promissory notes, one for the principal sum of $9,000 and one for the principal sum of $1,000, and to secure the payment of those notes he also executed a mortgage lien upon four lots in the city of Waxahachie, on which was situated a two-story brick building in which there was an elevator which was installed for use by the occupants of the building. Daniel S. Harston, C. M. Butcher, R. C. Sweeney, and S. C. Cunningham later acquired title to the property, and in consideration therefor assumed the payment of those notes. Thereafter they sold the property to W. T. Pittman. The deeds of trust were duly recorded in the deed records of Ellis county, in which county the property was located.

Ralph Carroll acquired the notes and liens upon the property, and on July 16, 1927, he instituted suit against all those parties and W. D. O'Neal to recover a personal judgment on those notes and also to foreclose the mortgage lien given to secure the same. A few days prior to the institution of that suit, H. Edmondson, a resident citizen of Fort Worth, entered into a contract with a duly authorized agent of W. T. Pittman, who then owned the property, for the purchase of the elevator situated in the building, and on July 16, 1927, he removed the elevator from the building to Fort Worth, paying Pittman at that time the sum of $300, which was the agreed purchase price.

On August 25, 1927, a personal judgment was rendered against all defendants in the foreclosure suit for the debt sued for and for a foreclosure of the mortgage lien upon the property above mentioned.

Under an order of sale issued under that foreclosure decree, the property was sold and bought in by Ralph Carroll, the plaintiff, on November 7, 1927, for the sum of $249.80, which was entered as a credit upon the judgment, leaving an unpaid balance thereof of more than $11,000.

Subsequently to the judgment of foreclosure and on, to wit, September 24, 1927, the present suit was instituted in the district court of Tarrant county by Ralph Carroll against W. T. Pittman and H. Edmondson to recover the value of the elevator. The trial of the present suit was upon plaintiff's first amended original petition with supplemental pleadings, filed on April 2, 1929, setting up the notes and liens sued on in the former suit and the judgment in that suit; the purchase by plaintiff under the foreclosure decree; the removal of the elevator from the building by Edmondson under sale thereof by Pittman, and seeking to recover the value of the elevator removed upon allegations that the elevator was a fixture and part and par-

cel of the building in which it was located and was covered by the recorded mortgage lien, of which the defendants had notice.

In answer to a special issue submitted upon the trial of the case, the jury found that the value of the elevator at the time of its removal from the building was $1,250. Upon that verdict judgment was rendered in favor of plaintiff against the defendant H. Edmondson for the amount so found by the jury and also in favor of H. Edmondson over against Pittman on his cross-action for the same sum; Pittman having made default as to the cross-action, and plaintiff having taken a nonsuit as to Pittman for lack of service as to plaintiff's suit against him. From that judgment H. Edmondson has prosecuted this appeal.

Appellant Edmondson was not made a party to the foreclosure suit. There was no allegation in plaintiff's petition that the foreclosure suit was pending at the time Edmondson purchased the elevator.

■■ According to the uncontroverted testimony of both Pittman and Edmondson, the elevator was in fact sold prior to the institution of the foreclosure suit, but was removed from the building on the same day the suit was filed, and that at that time they had no knowledge of the filing of such a suit nor of any intention of plaintiff to institute it. It follows, therefore, that the decree of foreclosure in the former suit and the sale thereunder was not binding upon Edmondson, and that if the elevator was a part of the realty and therefore covered by the mortgage, then the only remedy plaintiff had as against him was for damages to his security upon the entire property, including the lots and building situated thereon at the time the mortgage was executed.

■ If at the time of the sale under foreclosure the market value of the entire property as it then stood without the elevator was equal to or exceeded the amount of the debt due plaintiff, then plaintiff would not be entitled to any recovery against Edmondson. But if the market value of the property at that time was less than what the market value would have been if the elevator had not been removed, then plaintiff would be entitled to recover such portion of the difference as would be required to satisfy the debt after crediting thereon the market value of the property without the elevator. In other words, plaintiff would not be entitled in any event to recover more than sufficient to discharge the indebtedness due him after crediting thereon the market value of the property he actually received. And if the elevator was not so constructed and installed as to become a part of the realty upon which the building was erected, then the same was personalty and not covered by plaintiff's mortgage, and in that event plaintiff would not

have any right of recovery against Edmondson for its removal.

■ In his answer, defendant Edmondson offered the testimony of a witness who would have testified that the market value of the lots with the building thereon after the elevator was removed therefrom was $20,000. That testimony was excluded upon objections by the plaintiff and that ruling of the court has been assigned as error. For the reasons already noted, that assignment is sustained and the judgment of the trial court is reversed and the cause is remanded; and by reason of the foregoing conclusion, the determination of other assignments presented by appellant become immaterial, and therefore will not be discussed.

Reversed and remanded.

### On Motion for Rehearing.

■ Appellee, Carroll, insists with much earnestness that we erred in our conclusions on original hearing with respect to the measure of damages to his security resulting from the removal of the elevator from the building which was covered by Carroll's mortgage lien. The contention is, in substance, that since appellant purchased the elevator with notice of the mortgage thereon as a part of the realty, he cannot be heard to say that the price realized at the foreclosure sale of the realty and building was inadequate, and that therefore in measuring the damages to the security the price so realized must be accepted as the full market value of what Carroll has already received thereon. To so hold would be to say that although appellant was not made a party to the foreclosure suit, he is bound by all the proceedings therein, including the sale, to the same extent as his vendor, Pittman, who was made a defendant in that suit. Under the doctrine of res judicata, the rule is that the price realized by a foreclosure sale is binding upon the defendant in the suit as the fair market value of the property, in the absence of appropriate proceedings instituted by him to set aside the sale for fraud, gross inadequacy of price, or other equitable grounds, as noted in 16 R. C. L. p. 86 et seq. But we know of no rule of law or equity which extends the operation of that rule so as to make it equally applicable to a stranger to the foreclosure suit, who is a subsequent purchaser of a portion of the mortgaged property, and who is entitled to his day in court before he can be judicially deprived of his property rights. The present suit was for damages to Carroll's security, and the burden was upon him to show such damage. He had already received the lot and the building thereon as a credit on his debt, and necessarily the burden was upon him to show that the value of the same was insufficient to satisfy the notes for which the security was given. Proof of the price for which he bid in the property at sheriff's sale

was clearly hearsay, and inadmissible as against appellant, Edmondson, to the same extent as if the property had been conveyed to Carroll by the mortgagor, Pittman, without a foreclosure sale; and that too for the manifestly nominal sum of $249.50, if it be true, as appellant offered to prove, that the market value of the property bought was $20,-000—an amount in excess of Carroll's entire debt. And even if appellant had not objected to the proof of the amount realized for the property at foreclosure sale, he still was clearly entitled to show that the value of the property was in excess of plaintiff's entire debt, and thus to show no right of recovery for that reason.

The cases cited by appellee in support of the motion are distinguishable from the present suit, in that in those cases it seems that no effort was made to show that the prices realized at foreclosure sales were less than the market values of the property sold.

The motion for rehearing is overruled.