### EDMONDSON v. CARROLL.

No. 12889.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 7, 1933.

Rehearing Granted Dec. 9, 1933.

LATTIMORE, Justice.

This is a second appeal of this case in which appellee originally sued appellant for an elevator taken from a building on which appellee held an unsatisfied mortgage. After the taking of the elevator, appellee had the security sold under judgment of foreclosure, not including the elevator, and said security did not at said sale bring the amount of appellee's mortgage debt. Appellee, in connection with the suit, obtained a writ of sequestration to be levied on the elevator in the hands of defendant who had taken the elevator from the building by virtue of a sale of same attempted to be made him by the then owner of the building. The appellant replevied.

On former appeal (28 S.W.(2d) 250), the trial judgment was reversed and remanded because the measure of damages was not the elevator but the damages to appellee's security. Carroll v. Edmondson (Tex. Com. App.) 41 S.W.(2d) 64.

Appellee thereupon amended his petition, alleging the facts conformable to such adjudged measure, and, from a verdict sustaining such allegations, the defendant appeals.

■ We do not believe the amended petition sets up a new cause of action. All of the facts which sustain the original cause of action sustain also the amended cause of action, to which is added proof of the value of the building before and after the removal of the elevator. The discussion of this question in Elmo v. James (Tex. Civ. App.) 282 S. W. 835, is adequate to explain our holding and needs no elaboration.

■■ The notes sued on were in fact acquired by a partnership consisting of Carroll and others who by agreement placed the title in Carroll "for convenience." These facts were not pleaded but appeared in the evidence. The contention is made that it was necessary for all the partners to appear as parties of record in this suit to recover damages. We recognize the general rule that all partners must appear as parties. Allen v. Fleck, 54 Tex. Civ. App. 507, 118 S. W. 176; Houghton v. Puryear, 10 Tex. Civ. App. 383, 30 S. W. 583. Exceptions thereto are as well settled. Tinsley v. Dowell, 87 Tex. 28, 26 S. W. 946; Cleveland v. Heidenheimer, 92 Tex. 111, 46 S. W. 30. The only right the appellant has is that he not be required to pay the damages he has occasioned, to some party not entitled to same. It is of no consequence to him that the person he thought he had damaged suffers himself to be bound by payment to another. Appellant must be protected against double payment, i. e., the judgment herein must bind Butcher & Sweeney, the other partners. The transaction by which Carroll took title to

Chas. T. Rowland, of Fort Worth, for appellant.

Slay & Simon, of Fort Worth, for appellee.

the note was a partnership transaction and Butcher & Sweeney, the partnership, as shown by their agreement, have placed the title to the note in appellee, thereby consenting to Carroll's acts, properly performed under the powers of ownership, "by the usages" of the trade "to act as owner." The appellant was entitled to investigate this relation fully in order that he might satisfy himself fully that he was protected against claims by Butcher & Sweeney on this same transaction. He was accorded this right and the said other partners testified in this cause that this suit was brought for all the partners with their consent and in effect that they recognize this final judgment, a final adjudication of their rights. In our system of blended law and equity administration, we believe the judgment as rendered presents no reversible error as to parties.

The fact that the recovery sought by plaintiff was in fact for the partnership was not pleaded and we think this was not good pleading. Houghton v. Puryear, 10 Tex. Civ. App. 383, 30 S. W. 583. However, as shown in our original opinion, the evidence as developed and the judgment forever binds the other partners to this judgment. The error therefore is harmless. Rule 62A; Cobb Brick Co. v. Lindsay (Tex. Civ. App.) 277 S. W. 1107.

The court wrote into the judgment a finding that Carroll brought this suit on behalf of the partnership. This finding of itself would not add to the conclusiveness of the proceedings as against Butcher & Sweeney. However, as a recital of what actually occurred on the trial and of the admissions therein of the said parties, it is not improper.

Appellant, more than four years from the levy of the writ of sequestration but while the suit in which same was issued was still pending and within two years from judgment by the Supreme Court that appellee could not sue for the identical elevator removed, filed his cross-action for damages for wrongful sequestration.

The trial court sustained a special exception to such cross-action, holding that same showed on its face that it was barred by limitation, which commenced when the writ was levied. In this the learned trial court is mistaken. A part only of defendant's cause of action for such damages is the levy of the writ. Another part is that the issuance of the writ was wrongful. The right of action does not always arise with the cause of action. Elmo v. James, supra. The final adjudication of that original suit is a part of the facts necessary to the inquiry of whether the issuance was wrongful. It was so held in Mercer Dry Goods Co. v. Fikes (Tex. Civ. App.) 211 S. W. 830, and we believe, wisely. Any other rule would result in confusion and conflict. The right of the defendant to bring a separate suit on the bond for his damages has been many times upheld. If limitation runs in every case from the levy, he would be compelled to bring that suit in many instances as in this case, before the sequestration suit was determined. No reason for such bringing can be sustained unless an ancillary right to a proceeding to judgment is also conceded. If this be done, we could witness a judgment in the damage suit attempting to fix the validity or not of the sequestration. Thereafter the sequestration suit itself coming to trial before a different jury and, perhaps, judge, the verdict and judgment therein might establish the exact opposite as to the right of the sequestration from that of the damage suit. Manifestly, this would be unendurable. The filing with jurisdiction of the original sequestration suit drew to that court the exclusive determination of the issues therein. Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, 1068. Suppose, for example, that in the separate damage suit the jury should find the facts of the affidavit for sequestration were true. Thereafter when the suit for that debt, i. e., the sequestration suit, came on for trial, another jury should determine that no debt existed. Undoubtedly the judgment in the sequestration suit, the latter being first filed, would be the valid one on that issue, and yet, if the judgment already rendered should remain conclusive, the last judgment would be robbed of a part of its force. It was to preclude such and other equally unseemly situations that the rule in Cleveland v. Ward, supra, is laid down. Nor is it in anywise inconsistent in our blended system that the issues of fact may be determined by cross-action in the same suit and the same jury determine the facts of the main suit which give rise in part to the cross-action. Woods v. Huffman, 64 Tex. 98, is not in point. That court expressly declined to pass on this question.

While the witnesses in testifying to the reasonable market value of the real estate security failed to state that such value was "at Waxahachie," still we cannot believe that any one could believe that such failure is reversible. Any other conclusion would involve the assumption that the security could be transferred to some other locality, an undertaking involving the surface of the earth to the center. The very mention of such an absurdity answers itself. Ara v. Rutland (Tex. Com. App.) 215 S. W. 445, is thus distinguished.

While the rendition of property by a witness is a proper subject of cross-examination on market value as being an admission or a declaration against interest, the reason for the rule does not apply to values placed thereon by the tax officer who is not the witness being cross-examined. The evidence in

such case degenerates from an admission to mere hearsay.

 Pittman was the vendor of the elevator to appellant and the former was party defendant to the foreclosure suit of appellee. No pleading or issue was made in that suit of the removal of the elevator. That judgment is not res adjudicata of this suit. This is an action in tort, that in contract. The issues in that foreclosure suit did not in any way involve the wrongful taking of the elevator. True, the results of the sale under that foreclosure are a part of the predicate proof in this tort suit—to show injury here for no measure of damages against appellant on such elevator removal arose until the plaintiff suffered a deficiency on the foreclosure sale—but the judgment is a very different thing from the results of the sale under the judgment.

We have examined all assignments of error and those not otherwise discussed are overruled. The cause is remanded to the trial court for a trial of the cross-action of appellant. The judgment, so far as it disposes of appellee's action for damages, is approved at the cost of appellee, and the trial court will give effect hereto in the judgment upon trial of the cross-action.

Our former opinion in this appeal is withdrawn.