Porter HENTZEN, Appellant,

v.

F. S. OLDT, d/b/a Oldt Co., Appellee.

No. 15200.

Court of Civil Appeals of Texas.

Dallas.

Dec. 7, 1956.

Rehearing Denied Feb. 15, 1957.

Simon & Simon, Fort Worth, for appellant.

Biggers, Baker, Lloyd & Carver, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a judgment overruling a plea of privilege. The case involves the application of Art. 1995, subd. 3, V.A.C.S.

Appellee F. S. Oldt, doing business as F. S. Oldt Company, general contractor and engineer, a resident of Dallas County, Texas, brought suit against appellant Porter Hentzen for accounting, alleging that he was entitled to half the profits in a joint enterprise in which they had engaged in the construction of a utility system for a plant of the Campbell Soup Company at Napoleon, Ohio. In his original petition filed December 27, 1955, appellee alleges that appellant resided in Fort Worth, Tarrant County, Texas.

Appellant filed a plea of privilege asking that the cause be transferred to Tarrant County for trial. Appellee controverted the plea denying that appellant's residence at the time of filing of the plea was in Tarrant County. He further alleged that though he had stated in his original petition that appellee resided in Tarrant County, Texas, he had later learned that appellant was not a resident of Tarrant County, Texas, but had "heretofore been a resident of Napoleon, Ohio, and is now a resident of Fort Wayne, Indiana, at 530 West Berry, Apt. 311, and maintains a home and a residence in said town and said state."

A hearing on the venue question was set for April 20, 1956. Testimony was heard and the court took the matter under advisement. On April 27, 1956 appellee filed an amended petition and an amended controverting plea. Though no formal leave of court was obtained for the filing of the amended pleadings, no objection was ever made to their filing. Moreover it was the court who proposed the filing of an amended petition. In his amended petition appellee alleged that appellant resided in Fort Wayne, Indiana. In his amended controverting plea he repeated his allegations in regard to appellant's residence in Indiana, and attached a copy of his amended petition. On May 21, 1956 the trial court rendered judgment overruling appellant's plea of privilege.

Appellant bases his appeal on three points. First, he says that the allegations in the original petition in regard to appellant's residence must control, and the controverting plea may not be looked to to supply an essential venue fact which is not included in the petition. Second, he says that whether or not he had established a residence outside of Texas, his Texas res-

idence within the meaning of Art. 1995, subd. 3, V.A.C.S., was in Tarrant County. And third, he says that the testimony having established without dispute that in May 1955 he was an inhabitant and resident of Tarrant County, Texas and no testimony having been adduced to show that he had effected or intended to effect a change, the court erred in overruling appellant's plea of privilege.

At the hearing appellee presented the testimony of three witnesses and a number of exhibits. One of the witnesses was appellee's office manager and bookkeeper, another was a field superintendent for appellee, and the third was appellee's estimator and chief engineer. Appellant did not appear and no witnesses were presented in his behalf. The testimony offered by appellee's witnesses is uncontradicted.

Appellant had been appellee's employee for about ten years, working on a salary and bonus in the form of a percentage of the profits on certain jobs. He was in charge of appellee's Fort Worth office. In May 1955 in the presence of appellee's bookkeeper an oral argement was made between appellant and appellee whereby appellant was to go to Napoleon, Ohio, on the Campbell Soup Company job. Appellant told the field superintendent that he was to go to Ohio, too; that he, the field superintendent, would get 10% of the profits, after which appellant and appellee would split the remaining profits equally. Appellant remained on appellee's payroll until November 1955, but in October he told the superintendent that he, appellant, was no longer working for appellee but was working for himself.

When appellant left Fort Worth for Ohio his wife accompanied him. They lived first at a motel, and later rented a house in Swanton, Ohio. They gave up their Fort Worth apartment, which they had leased in September 1954 for a term of one year, and appellant's mother moved into it. Apparently appellant's lease was not renewed in September 1955, but can-

celed checks were introduced showing he had paid the monthly rent for his mother in October and November 1955. Meantime appellee did not replace appellant in appellee's Fort Worth office, although the office was kept open through an answering service.

After some months the Ohio job was completed and appellant moved on to Indiana to start work on another job. In Indiana he rented an apartment where he and his wife lived for some time. Later his wife returned to Texas, but not to Fort Worth. At the time of the hearing she was living in Dallas. Appellant has not returned to Texas except that he came to Dallas in August 1955 to help prepare a bid on a sewer construction job for Handley in Fort Worth, Texas. He stayed in Dallas only a short time, returning to Indiana after completing the preparations for the bid.

On November 14, 1955 appellee wrote to appellant. We quote excerpts from this letter:

"I have tried on several occasions calling you on the telephone with no success, and now we have a mailing address which Marshall just gave me. Our fiscal year is coming up to an end November 30th and we are going to need a statement on your operations at Napoleon for this tax report. I presume you are completed since you apparently are now living in Fort Wayne, Indiana. Your absence of contact with the office and myself have been quite noticeable in that I have been unable to contact you by telephone. However, I have been asked by a number of people lately, including material salesmen and other local contractors, whether you are still with the F. S. Oldt Company? Of course, this is somewhat embarrassing since we are sending your deposit slip for your weekly salary, but frankly I don't know what to tell them. * * * Please give us your account of the results of your Napoleon job so we can complete our tax statement on time, and also advise if you

are still with the F. S. Oldt Company. If not we want to make adjustments in our organization."

On November 21, 1955 appellant replied to appellee's letter. We quote from appellant's letter:

"I am in receipt of your registered letter of November 14th and will try and answer your inquiries in that order. I am unable to understand why you could not contact me by telephone if you desired, as the numbers in Napoleon (2–2726 and 2–1801) are and have been the same ever since I have been up here, my home number in Swanton, Ohio was 2361 up until about 5 weeks ago and the number in Ft. Wayne is Eastbrook 6–7804 and could have been obtained thru information, also I could always have been reached thru Freyn Bros. * * * When I was back there in August to figure the Handley Sewer job for you * * * I told you then that we could not make any money down there and suggested again that we were going to have to get out of town, and you told me that you could not leave on account of the Motor Crane Service and other reasons which I realized and I said that you would not have to leave yourself but that we should take the construction business out of Fort Worth and Dallas where everything was and still is going for nothing. * * * So in view of these facts, I feel and believe that our association could be considered terminated by both of us as of June 1st, 1955 unless you have a wholly new and different proposition in mind * * *."

■ Under the circumstances presented here we do not think it was error for appellee to file his amended petition after the close of testimony but before judgment was rendered. Though appellee had not obtained formal leave of court to file the amended pleading it was the court himself who suggested that an amended petition should be filed. Moreover no objection appears ever to have been made to the filing of the amended instrument. The amended petition did not allege a new cause of action, or change the cause of action alleged in the original petition. It merely alleged venue facts to conform to allegations in the controverting plea and the evidence adduced at the hearing. Bates v. Stinnett, Tex.Civ.App., 170 S.W.2d 644; Phipps v. Reed, Tex.Civ.App., 219 S.W.2d 561; 8 Tex.Jur. 10-Year Supp., p. 136; Rule 67, Texas Rules of Civil Procedure. We overrule appellant's first point on appeal.

The testimony presented a fact question as to appellant's place of residence. Though appellant was not present and did not testify, his own statement contained in his letter of November 21, 1955 corroborates other facts and circumstances tending to show that by the time this suit was filed he had given up his Fort Worth residence. One of the reasons he gives for severing his connection with appellee was that appellee had not agreed to appellant's desire to "get out of town" and that "we should take the construction business out of Fort Worth and Dallas where everthing was and still is going for nothing."

■ In our opinion the evidence amply supports the trial court's implied finding that appellant was no longer a resident of Tarrant County or of the State of Texas at the time of filing his plea. We overrule appellant's second and third points.

The judgment of the trial court is affirmed.