**FRENCH DRILLING & WELL SERVICE,**
Appellant,

v.

**WILSON MANUFACTURING COMPANY,**
Inc., Appellee.

No. 15856.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 22, 1957.

Rehearing Denied Dec. 13, 1957.

Chilton Bryan and E. H. Patton, Jr., Houston, for appellant.

Nelson, Montgomery, Robertson & Sellers and Robert K. Pace, Wichita Falls, for appellee.

MASSEY, Chief Justice.

This is a plea of privilege case. Wilson Manufacturing Company, Inc., brought suit in Wichita County against the French Drilling & Well Service for slightly in

excess of $8,000, representing the value of items sold and services rendered, plus attorney's fees. In said plaintiff's original petition there was no allegation that the services rendered were performed in Wichita County.

The defendant filed a plea of privilege. Plaintiff then filed its controverting affidavit in which it was asserted that venue properly lay in Wichita County under provisions of Subdivision 23 of Article 1995, Vernon's Ann.Civ.St. specifically the part thereof which provides that a suit against a private corporation may be brought in the county in which the cause of action or part thereof arose. In the controverting affidavit the defendant alleged that the services, or part thereof, were performed in Wichita County, Texas, and that its cause of action was under express or implied contract which had been fully performed by plaintiff.

At the time set for the trial of the plea of privilege the defendant moved to dismiss the suit, pointing out that plaintiff's original petition did not allege facts which could serve as foundation for a judgment under Subdivision 23 of Article 1995, in that it did not allege that its cause of action, or a part thereof, arose in Wichita County. Plaintiff requested leave to file amended pleadings supplying such want, which was granted. In view of the fact that the defendant's attorney had journeyed from Houston to Wichita Falls, Texas, where trial was before the court without a jury, the trial judge proceeded to hear the evidence the parties had available before the amendment was filed. Such amendment was filed sometime after the hearing was held. Defendant objected to the introduction of testimony under the circumstances on the ground that plaintiff's pleadings provided no basis for the introduction of any testimony, since its pleading was wanting in allegations upon which judgment in plaintiff's favor could be granted. It is to be noted that defendant did not request leave to withdraw its announcement of "ready", nor did it move for postponement or continuance.

Plaintiff proceeded with the introduction of testimony. Its proof was substantially as follows: In May of 1956 the plaintiff sold a certain standard type oil well drilling rig to the defendant, defendant's representative having come to Wichita Falls to accept delivery. Through a confusion of the order, the rig delivered had a "six line string up to the crown block" rather than the "eight line string up" that defendant had ordered. Rather than incur a delay in delivery the defendant accepted the rig with the "six line string up." In July of 1956 defendant's representative telephoned plaintiff and informed it that the mast on the drilling rig had fallen and "wanted to know what we (plaintiff) would consider doing about it at that time." Plaintiff Company was not committed, other than that it would have several representatives fly down to the vicinity of Houston, Texas, where the mast had fallen to attempt to determine the cause of the mast failure. Such representatives did immediately thereafter make such trip and an attempt was made to determine the cause of the failure, but they were unable to do so from an inspection in the field. The defendant took the position at such time that it wanted the rig fixed and placed back in service as quickly as possible, and agreed with plaintiff's representatives that the most expeditious way to handle the matter would be to move the rig to Wichita Falls, where plaintiff would make further attempt to determine the cause of the mast failure and would repair the rig. Defendant's permission and authority so to do were orally obtained. A discussion was held upon what, if anything, defendant desired relative to changing the crown block to an "eight line string up" while plaintiff had the rig in its possession, and defendant requested that such change be made during such time. The parties further agreed that the same trucking contractor which would haul the rig to Wichita Falls would deliver it back to the defendant after repairs had been completed.

Following the foregoing events the plaintiff did cause a trucking contractor to haul

the rig to Wichita Falls, and after repairs to haul it back to South Texas and re-deliver it to the defendant. While in the Wichita Falls area the rig was completely repaired, and the "eight line string up" installed. The proof developed to show the fact that such work on the crown block was performed out of Wichita County—in plaintiff's Clay County plant just across the county line—and it is obvious that the tremendously heavy and cumbersome rig, or at least a part thereof, had to be transported back and forth between these counties in order to effect the change-over. It appears that there was no charge specifically made for this labor, and that the charge made was for the difference and increased price which would have been charged defendant at time of the original sale for a rig with an "eight line string up" rather than the "six line string up". Labor service was nevertheless involved in our opinion, both in Wichita County and Clay County.

The major part of the repairs were undoubtedly performed in Wichita County, Texas, as applied to the remedial services in the complete repair of the defendant's rig. And as to such the evidence introduced on the trial was directed to the question of whether any cause of action or part thereof arose in favor of the plaintiff and against the defendant through the performance of such services. We are of the opinion that the trial court was entitled to find that a cause of action or part thereof did actually arise in the county of the suit under the circumstances and that defendant's plea of privilege was properly overruled. We will dwell upon our reasons for such conclusion later on in this opinion.

The defendant assigns one point of error to the circumstances existent at time of the introduction of evidence, particularly the state of the pleadings, coupled with the allowance of the filing of amended pleadings after such time and the entry of judgment upon the pleadings as amended. In our opinion, the conditions at time of the introduction of the evidence in question were such that its admission did not work an injustice upon the defendant, and that the trial court, in its sound discretion, was warranted by Rule 66, Texas Rules of Civil Procedure in admitting the trial amendment after the conclusion of the evidence without occasioning any error. Texas Employers' Ins. Ass'n v. Dillingham, 1953, Tex.Civ. App., Fort Worth, 262 S.W.2d 748, 753, writ ref., n. r. e. It is to be noted that after the receipt of a copy of the trial amendment, the defendant at no time asked leave to withdraw its announcement of ready, nor did it ask leave to reopen the case and introduce any evidence in its behalf upon any consideration of the amended pleadings. Instead, the defendant stood upon its position that the court erred in granting plaintiff leave to file the amendment, but that even with such leave having been granted and amendment considered, the plaintiff's evidence was wanting in the establishment of a prima facie case on the matter of venue. Such was defendant's contention in a brief filed while the case was under consideration by the trial court prior to rendition of judgment. The point of error is overruled.

On the matter of where the plaintiff's cause of action or a part thereof arose, we of course discard all adverse evidence and give full credit to all evidence that is favorable to the plaintiff as the successful party, indulging every reasonable conclusion which is favorable to it. When we do this, we have little trouble in reaching the conclusion that the evidence warranted the action of the trial court in overruling defendant's plea of privilege. Certainly the plaintiff had the duty to repair the defendant's property for it agreed to do so, and did so (at least in part) in Wichita County, Texas. Unless it be because of some right in the defendant not material of the case on the venue hearing, such performance by the plaintiff gave it the right to receive reasonable compensation for its services in behalf of the defendant, and a corresponding duty on the part of the defendant to pay the same. These are essential elements of a cause of action, of which

the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term. As applied to this case, such character of a cause of action arose, at least in part, in Wichita County, Texas. See Clark, Venue in Civil Action, p. 130, "Corporations and Associations", sec. 9, "Proof Necessary to Sustain Venue in the County Where the Cause of Action or a Part Thereof Arose"; Moore v. Snowball, 1904, 98 Tex. 16, 81 S. W. 5, 66 L.R.A. 745; Stone Fort ·Nat. Bank of Nacogdoches v. Forbess, 1936, 126 Tex. 568, 91 S.W.2d 674. The point of error is overruled.

Judgment is affirmed.