**RESERVE LIFE INSURANCE COMPANY,**
Appellant,

v.

**J. B. MARTIN, Appellee.**

No. 15895.

Court of Civil Appeals of Texas.

Fort Worth.

March 28, 1958.

Rehearing Denied April 25, 1958.

Joe Bailey Humphreys, Dallas, Cantey, Hanger, Johnson, Scarborough & Gooch, and Frank E. Crumley, Fort Worth, for appellant.

Marvin B. Simpson, Sol Gordon, Lattimore & Lattimore and H. S. Lattimore, Fort Worth, for appellee.

RENFRO, Justice.

The plaintiff, J. B. Martin, recovered judgment against Reserve Life Insurance Company for certain expenses incurred

under a contract of hospitalization insurance.

The case was tried before a jury and all issues were answered favorably to the plaintiff, whereupon the court entered judgment for plaintiff.

Plaintiff's pleadings alleged that on the 16th day of December, 1952, the defendant issued its policy of insurance wherein it insured plaintiff for certain medical expenses incurred by reason of illness during the existence of the policy. It was alleged further that on January 22, 1955, plaintiff was hospitalized for upper respiratory infection and on February 12 and March 28, 1955, he became afflicted with bronchial pneumonia and was continuously confined in the hospital to May 25, 1955, at which time he underwent surgery for prostatic hypertrophy bilateral benign, and in June underwent further surgery for prostatic surgery and by reason of such operations was confined to the hospital until July 16, 1955.

The defendant answered that the items of expense sued for were not occasioned by any sickness as defined by the policy but on the contrary whatever sickness, if any, plaintiff had which resulted in hospital confinement was of long standing and chronic, and that such items of expense did not result from sickness the cause of which originated while the policy sued upon was in force and more than fifteen days after its date.

By amended petition and amended supplemental petition, plaintiff plead that he had given due notice to the defendant of his illness and confinement and expenses incurred; that defendant accepted the notice and, after paying a portion of the bill and without notifying plaintiff that it did not intend to pay under the terms of the policy, waived its right to deny liability for the remainder of such expenses as set out; that the defendant, with full knowledge that plaintiff had been hospitalized in 1952 with coronary insufficiency, paid the sum of $70 under its liability for the expenses

which occurred beginning with January 22, 1955, and waived its defense, if any, that it was not liable for the hospital, medical and surgical expenses incurred.

The jury, in Special Issues Nos. 1 through 9, found that the plaintiff was hospitalized for the diseases plead by plaintiff and that all three of said diseases or ailments were not contracted or did not exist on December 16, 1952, or within fifteen days thereafter, and in Issue No. 10 found that the defendant had waived its right, if any, to assert that the sickness existed on December 16, 1952, or within fifteen days thereafter.

By point of error the defendant contends the court erred in overruling defendant's exceptions to plaintiff's pleadings wherein he plead generally the doctrine of waiver and estoppel, jointly and severally. No point of error is specifically presented to the submission of the issue on waiver nor to the sufficiency of the evidence to uphold the jury finding thereon.

Waiver is essentially unilateral in its character, resulting as a legal consequence from some act or conduct of the party against whom it operates and no act of the party in whose favor it is made is necessary to complete it. Waiver need not be founded upon a new agreement nor be supported by a consideration, nor is it essential that waiver be based upon an estoppel. 43-B Tex.Jur., p. 489, sec. 11. We think the pleading of waiver was sufficient as against the exceptions leveled at it.

Since the jury found that the defendant waived any defenses it had to said expenses, it is our opinion that the case must be affirmed on the ground of waiver.

If we are wrong in the above holding, we think the case must be affirmed in any event.

In point 5 defendant contends the court erred in overruling its motion for instructed verdict. Points 4, 6 and 7 are briefed

jointly with point 5 and contend that since the proof showed that plaintiff also had coronary insufficiency during the period he was hospitalized, it was plaintiff's burden to obtain one or more fact findings by the jury to the effect that this specific sickness was included in the insurance coverage, and whether the cause of such sickness originated within or without the terms of the contract and whether any other sickness not included in the contract was responsible for any part or all of the expenses for which suit was brought.

Rule 94, Texas Rules of Civil Procedure, provides that where the suit is on an insurance contract which insures against certain general hazards but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability.

■ Defendant did not plead that coronary insufficiency was a risk or cause coming within a particular exception to the general liability. Since the plaintiff plead the specific causes for his hospitalization and defendant failed by its pleadings to plead that coronary insufficiency was within a particular exception, the plaintiff's burden was only to prove the existence of the diseases which he plead and that they were included in the general liability.

Dr. Steger, who had been plaintiff's physician since 1948, testified the plaintiff was admitted to the hospital in 1955 for an upper respiratory infection; that when a person develops an upper respiratory infection, bacteria tends to spread along adjacent surfaces and to different areas; as a result of the toxic poisoning which is in a person's system as a result of this upper respiratory infection, it affects the blood vessels carrying the blood to the heart, producing an insufficient amount of blood going through the blood vessels going to the heart; that at the time he sent plaintiff to the hospital he would not have sent him for coronary insufficiency; that he found no medical evidence of coronary insufficiency in plaintiff from October, 1952, until he was confined in the hospital for the other diseases mentioned in January, 1955; he had not treated him for coronary insufficiency since October, 1952. The doctor also testified to the other sicknesses plead by the plaintiff, treatment and hospitalization for same; during the confinement beginning in January, 1955, the doctor placed plaintiff under an oxygen tent a part of the time but it was to improve and make easier his general breathing and not primarily for insufficiency. The doctor was unable to say whether or not the coronary insufficiency contributed to the plaintiff's length of stay in the hospital.

■ The evidence of the physician and the hospital records amply support the jury findings. The point of error that the court erred in overruling its motion for an instructed verdict and the three points of error, jointly briefed with same, are accordingly overruled.

■ In another point of error the defendant contends the court erred in refusing defendant leave to file a trial amendment at the conclusion of all the evidence. The allowance of trial amendments is within the discretion of the trial court. Rule 66, T.R.C.P. Defendant has not shown the trial court abused its discretion in the action of which complaint is made.

■ The defendant presents a point of error in which it argues the court erred in delimiting the cross-examination of plaintiff's witness Dr. Steger and in denying to defendant its fundamental right to cross-examine the doctor concerning the personal pecuniary interest he then or previously had in the outcome of the litigation. It appears from the record that at the time of a previous trial of the instant lawsuit,

the doctor had an assignment from the plaintiff for his doctor's fees. Prior to the latter trial, from which this appeal is perfected, the doctor filed a disclaimer of any interest in the policy or its proceeds. On cross-examination the doctor testified he had an assignment from the plaintiff at the time of the first trial but that he had filed a disclaimer. Although the court sustained an objection to the question of whether or not Dr. Steger had filed a disclaimer "with your lawyer here," the court announced, "I will permit it to be shown that he has disclaimed any interest in the case, I will sustain any further questions to that * * *." The defense counsel did continue to cross-examine Dr. Steger as to the assignment from the plaintiff. However, by bill of exceptions, which controls over the statement of facts (Rule 372, sub. (k); Aguilera v. Reynolds Well Service, Tex.Civ.App., 234 S.W.2d 282), the defendant stated that he had the right to expect the witness to disclose all the details and circumstances connected with the alleged disclaimer and develop all the facts surrounding the alleged satisfaction of the assignment and to cross-examine the doctor in respect to the circumstances surrounding his alleged change of status from a financially interested witness in the first trial to one free of bias and prejudice. The bill also showed that at the previous trial the doctor had testified that the coronary insufficiency was caused by the hardening of the coronary artery but at the current trial he testified that plaintiff's insufficiency was not caused by hardening of the artery but was transient and not permanent.

■ Dr. Steger's testimony had no bearing on the question of waiver; hence, if we are right in holding defendant liable for the expenses under the theory of waiver, defendant was not prejudiced by the ruling of the trial court on cross-examination of Dr. Steger.

We think, moreover, the defendant has failed to show reversible error under Rule 434. The manner of cross-examination and its extent must rest largely in the discretion of the trial judge. Where the cross-examination is unduly protracted or is proceeding beyond the bounds necessary to sift the truth, the judge may interfere and refuse to permit further cross-examination. We think neither the statement of facts nor the bill of exceptions reflects that the ruling of the court was such that the defendant could not "sift the truth" as to whether or not the doctor had any financial interest in the lawsuit or was a biased witness. In the light of the record as a whole, we cannot hold as a matter of law that the trial judge arbitrarily limited the defendant in its cross-examination to such extent as to cause the rendition of an improper judgment.

All points of error, whether specifically discussed or not, are overruled and the judgment of the trial court is affirmed.