**H. N. THOMAS, Appellant,**

v.

**Henry JESTER et ux., Appellees.**

**No. 7117.**

Court of Civil Appeals of Texas. Texarkana.

June 16, 1959.

Harvey P. Shead, Longview, for appellant.

Smith, Porter & Caston, Longview, for appellees.

DAVIS, Justice.

Plaintiff-appellant, H. N. Thomas, sued defendants-appellees, Henry Jester and wife, Betty Mae, upon a mechanic's lien contract to recover the sum of $1,650, plus interest and attorney's fees. Appellant's petition also sought to foreclose a mechanic's lien upon appellees' property. He also sought to recover an additional $558.50 for additional work he did on the house, claiming the same was not covered by the contract. Trial was to a jury which found that the work done under the contract as set out in the mechanic's and materialman's lien sued upon was not done in a good and substantial workmanlike manner. The jury also found in response to the second special issue submitted to them that the cost of the construction of a storm cellar as of May 24, 1957, would be $750. The storm cellar was not constructed. The original lien was for $2,000.

Based upon the jury's findings under the testimony produced before the court, the court found that appellant was not entitled to judgment against the appellees on the mechanic's lien contract sued upon and appellant was declared not to have any lien upon the property of the appellees. He did find that the extra work claimed to have been done by plaintiff was actually

done and performed and rendered judgment for such amount, plus $55.85 attorney's fees.

After both sides had closed the case and before the argument was presented to the jury, appellant presented to the court a trial amendment wherein he sought to plead that he had done the work on appellees' property in the amount of $1,650. The trial court denied the request for the filing of the trial amendment because there was no issue of quantum meruit raised in the pleadings and in the proof offered upon the trial of the case. The evidence did not show the value of any of the improvements nor of the labor done under the contract. The only proof as to the value of improvements was as to the extra improvements alleged to have been done.

Appellant brings forward three points of error. By his first two points he complains of the action of the trial court in refusing him permission to file the trial amendment and asking for a recovery on a quantum meruit basis as to the contract. Under the record as it is presented to us, the trial amendment was properly refused. Sinclair Houston Federal Credit Union v. Hendricks, Tex.Civ.App., 268 S.W.2d 290, 43 A.L.R.2d 1234, wr. ref., n. r. e.; Coffey v. Ft. Worth & Denver Ry. Co., Tex.Civ. App., 285 S.W.2d 453, n. w. h.; French Drilling & Well Service v. Wilson Mfg. Co., Tex.Civ.App., 307 S.W.2d 624, wr. dis.; and, Reserve Life Ins. Co. v. Martin, Tex.Civ.App., 312 S.W.2d 321, wr. ref., n. r. e.

By his third point of error appellant complains of the action of the trial court in refusing him permission to submit two special issues. The two special issues pertained to the extra work alleged to have been done by appellant. The court found and gave the appellant judgment for the amount. Appellant cites no authority in support of this point and we do not deem it necessary to a decision of the case to discuss the same.

Finding no error in the record, the judgment of the trial court is affirmed.