**HELDT BROS. TRUCKS et al., Appellants,**

v.

**Leonel Romeo ALVAREZ et al., Appellees.**

**No. 14916.**

Court of Civil Appeals of Texas, San Antonio.

Nov. 18, 1970.

Rehearing Denied Dec. 16, 1970.

Lloyd, Lloyd, Ellzey & Lloyd, Alice, Pope & Pope, Rio Grande City, for appellants.

Carl H. Judin, Jr., Thomas P. Earls, McAllen, F. R. Nye, Jr., Alex W. Gabert, Rio Grande City, for appellees.

BARROW, Chief Justice.

A venue action involving Subdivision 9a., Article 1995, Vernon's Annotated Civil Statutes. Appellants, Heldt Bros. Trucks, a partnership, and their employee, Ruben Pena, complain of an order entered after a non-jury hearing, overruling their pleas of privilege in a suit brought by appellees, Leonel Romeo Alvarez and Guadalupe Garza, to recover damages growing out of a collision. Appellants do not question on this appeal the sufficiency of the evidence to support an implied finding that they were guilty of an act of negligence proximately causing the accident and damages sustained by appellees, but urge that their pleas of privilege should have been sustained because of certain procedural defects or insufficiencies. The parties will be hereafter referred to as in the trial court.

On December 2, 1966, a collision occurred at the intersection of F. M. Road #649 and El Macho Road in Starr County between a tractor-trailer owned by Garza, which was being operated by Alvarez, and a tractor-trailor owned by Heldt Bros. Trucks, which was being operated by Pena in the scope of his employment for Heldt Bros. On August 28, 1968, suit was filed in Starr County by plaintiffs against Heldt Truck Co., Inc.[1] wherein it was alleged that Pena committed five acts of negligence, including an allegation that he failed to stop at the stop sign erected on El Macho Road at this intersection. A statutory plea of privilege was filed on September 16, 1968, on behalf of defendant, Heldt Bros. Trucks, a partnership composed of certain named members, all of whom reside in Jim Wells County. On September 24, 1968, plaintiffs filed a controverting affidavit to the Heldt Bros. plea of privilege. This affidavit did not attempt to adopt the allegations in the original petition but averred that the cause of action was a suit for damages arising out of the negligence of defendant's agent, Pena, and enumerated the same five acts of negligence which were set forth in the original petition, each of which was asserted to be a proximate cause of the collision and resulting injuries and damages to plaintiffs. It was thus averred that venue was maintainable in Starr County under Subdivision 9a., supra. On October 4, 1968, plaintiffs filed an amended petition wherein the correct designation of Heldt Bros. was set forth and Pena was also joined as a defendant. There was only a general allegation that Pena's negligence proximately caused the collision; although, in setting forth the facts, it was alleged that Pena disregarded the stop sign and crashed into the plaintiffs' truck. On November 25, 1968, defendant Pena filed a statutory plea of privilege seeking to transfer said cause of action as to him to Hidalgo County, the county of his residence. On November 27, 1968, plaintiffs controverted such plea of privilege in the same form as the controverting plea filed as to defendant, Heldt Bros.

No special exception was filed by defendants to either controverting plea and on February 16, 1970, the pleas of privilege were heard by the trial court. At the conclusion of the evidence, defendants filed a motion to hold such controverting pleas wholly insufficient and to sustain their pleas of privilege. The primary basis of this motion was that neither the original nor amended petition was incorporated in the controverting pleas filed by plaintiffs, and said pleas did not state a cause of ac-

---

1. A nonexistent corporation.

tion against defendants. The trial court granted plaintiffs leave to amend the controverting pleas and overruled defendants' motion. On April 24, 1970, amended controverting pleas were filed by plaintiffs in substantially the same form as the originals, with the exception that their First Amended Original Petition was expressly incorporated by reference and the allegations therein adopted as true and correct. Venue was again asserted under Subd. 9a. because of the same five acts of negligence allegedly committed by Pena in the scope of his employment. On May 12, 1970, an order was signed overruling such pleas of privilege based on the hearing of February 16, 1970, and defendants perfected this appeal.

Defendants urge that the amended controverting pleas filed by plaintiffs subsequent to the hearing of February 16, 1970, but prior to the signing of the order overruling the pleas of privilege, were not properly before the court. They then assert that the original controverting pleas were legally insufficient in that plaintiffs did not incorporate either the original or amended petitions therein, and when considered alone, said controverting pleas do not state a cause of action maintainable in Starr County.

We must recognize at the outset that although the court announced at the conclusion of the hearing of February 16, 1970, that he was overruling the plea of privilege, the order overruling same was not signed until May 12, 1970, and the latter date is the controlling date. Ex parte Godeke, 163 Tex. 387, 355 S.W.2d 701 (Tex. 1962); Maddox v. Schwartz, 439 S.W.2d 369 [Tex.Civ.App.—Houston (1st) 1969, no writ]; Noble v. Texacon Industries, Inc., 367 S.W.2d 872 (Tex.Civ.App.—San Antonio 1963, no writ).

Defendants did not except to the alleged insufficiency of the controverting pleas until the conclusion of the evidence at the hearing of the pleas of privilege. This was timely under Rule 90, Texas Rules of Civil Procedure. However, the right to amend a defective controverting plea is recognized in our practice. M. C. Winters, Inc. v. Lawless, 407 S.W.2d 275 (Tex.Civ.App.—Dallas 1966, writ dism'd); 1 McDonald, Texas Civil Practice, Sec. 4.50 (1965).

It is seen that the amended controverting pleas were not filed by plaintiffs until about six weeks after such leave was granted by the trial court; however, defendants made no objection to such procedure and do not here urge any abuse of discretion in granting leave to file such amended pleas. Nor do they urge that any new issue was thereby injected into the case so as to call for additional testimony by either party.

A somewhat similar situation was presented in French Drilling & Well Service v. Wilson Mfg. Co., 307 S.W.2d 624 (Tex.Civ.App.—Fort Worth 1957, writ dism'd). Although the defendant there objected to the fact that the hearing was had prior to filing of the amended petition, it was held that the trial court did not abuse its discretion in permitting the trial amendment to be filed after the conclusion of the evidence. Also in Hentzen v. Oldt, 298 S.W.2d 272 (Tex.Civ.App.—Dallas 1956, no writ), it was held it was not error to permit plaintiff to file an amended petition as well as an amended controverting plea subsequent to the hearing of the plea of privilege where such amended instruments were suggested by the trial court to meet certain defects. It was pointed out that the amended petition did not change the cause of action alleged in the original petition.

Defendants also urge that the order of May 12, 1970, demonstrates that the amended controverting pleas were not considered by the trial court. It is true that this order states in part that came on to be heard "the Controverting Affidavits". However, such order further sets forth that the court considered and granted plaintiffs' request to file amended controverting affidavits, and the record demon-

strates that such amended pleas were filed prior to entry of this order.

 We conclude that the amended controverting pleas were properly before the court at the time the order overruling defendants' pleas of privilege was signed, and that such amended pleas fully support the trial court's implied finding that defendant Pena committed an act of negligence in disregarding the stop sign at the intersection in question, and that this negligence was a proximate cause of the collision and damages sustained by plaintiffs. Accordingly, it is not necessary to consider the sufficiency of the original controverting pleas. Venue is maintainable in Starr County under Subdivision 9a., supra.

The judgment is affirmed.