BATTLE & McKINNEY v. MRS. JULIA J. WHITE.

Decided December 15, 1909.

1.—Garnishment—Damages.

Where a writ of garnishment was wrongfully sued out and was levied on a bank holding a deposit of money for defendant, the latter could recover as damages interest on the entire deposit during the time it was thus wrongfully withheld by service of the writ. He was not limited to interest on such part only of the deposit as would cover the debt sued for and the costs, since the statute (Rev. Stats., art. 225) forbids the garnishee to pay over any of the effects of defendant held by him.

2.—Garnishment—Non-resident.

A garnishment obtained by a false affidavit to the statutory ground for its issuance (no property subject to execution) is not made lawful by the fact that defendant was a nonresident. If no means of bringing the defendant before the courts of this State other than garnishment existed, plaintiff had a remedy by suit in the State of defendant's residence.

Appeal from the County Court of Taylor County. Tried below before Hon. T. A. Bledsoe.

*Wagstaff & Davidson,* for appellants.—Defendant being a nonresident of the State of Texas the court had no jurisdiction to render a judgment binding in personam against defendant and the only method by which plaintiff could reach defendant's property and bring her into court was by resorting to writ of garnishment or some similar extraordinary remedy. Goodman v. Henley, 80 Texas, 499.

*John Bowyer,* for appellee.

KEY, ASSOCIATE JUSTICE.—This case originated in the Justice of the Peace Court and was appealed to the County Court. Appellants, who were plaintiffs in the County Court, sued appellee seeking to recover $62.50 alleged to be owing them as a commission for negotiating the sale of certain real estate belonging to appellee. In the Justice's Court the plaintiffs sued out a writ of garnishment, which was served on a bank that had just received $1250 belonging to appellee. The writ of garnishment was quashed because of a defect in the plaintiff's bond.

Appellee filed a cross-action in which she sought to recover both actual and punitory damages. At the trial in the County Court the jury returned a verdict for the plaintiffs for $62.50, for the commission claimed by them, and for the defendant for $85, damages on her cross-action. Upon that verdict the court rendered judgment for the defendant against the plaintiffs for $22.50 and costs of suit, and the plaintiffs have appealed.

In the sworn application upon which the writ of garnishment was issued one of the plaintiffs stated that the defendant did not have in her possession, within this State subject to execution, property sufficient to satisfy the plaintiffs' debt. In her cross-action the defendant alleged that that averment and statement was false, and that she did have at the time that affidavit was made other property

in the State subject to execution more than sufficient to pay the plaintiffs' debt. The plaintiff who made the affidavit to procure the writ of garnishment testified on the stand that he knew when he made the affidavit that the defendant owned real estate in the town of Abilene, the county seat of the county in which the suit originated, of the value of about $1400. He further stated that he did not read the affidavit, nor was it read to him before he signed and swore to it, and that he did not know that it contained the statement that the defendant did not own any other property in the State. The trial court instructed the jury, in substance, that if the affidavit made for the purpose of obtaining the writ of garnishment was false, the defendant would be entitled to recover interest on the money held by the bank for her from the time the writ of garnishment was served on the bank to the time it was quashed. That instruction is complained of, the contention being that it was not necessary for the garnishee to hold more than $150 in order to satisfy the plaintiffs' claim and costs of suit, and therefore, although the garnishment may have been wrongfully sued out, the defendant would not be entitled to recover interest upon more than $150.

Article 225 of the Revised Statutes declares that from and after the service of writ of garnishment it shall not be lawful for the garnishee to pay to the defendant any debt or deliver to him any effects. In view of that statute we overrule the contention urged, and hold that interest was recoverable upon the entire sum.

There is no merit in the contention that because the defendant was a nonresident the plaintiffs had the right to sue out the writ of garnishment for the purpose of bringing her into court. If it be conceded that garnishment or attachment was the only means by which the plaintiffs could bring the defendant into a Texas court, it does not follow that they had no other remedy. The courts of the State of which the defendant was a resident were open to them, and they could have sued her in that State, without invoking the aid of a writ of garnishment or attachment.

The other assignments assail the verdict, which we hold is amply supported by testimony.

No error has been pointed out and the judgment is affirmed.

*Affirmed.*