**WASHINGTON v. HUGGINS et al.**
(No. 3077.)

Court of Civil Appeals of Texas. Amarillo.
Oct. 10, 1928.

C. W. Norrid, of Silverton, and Kinder & Russell, of Plainview, for appellant.

Ernest Tibbets and J. E. Daniel, both of Silverton, for appellees.

JACKSON, J.  This suit was filed in the county court of Briscoe county, Texas, on February 21, 1928, by the appellees, C. G. Huggins and A. A. Hatchell, against the appellant, J. S. Washington, to recover commissions on the sale of 150 acres of land at $75 per acre.

The appellees allege that on and prior to January 1, 1928, they were real estate brokers, engaged in the business of procuring purchasers for and making sales of land for others for a commission; that about the 25th day of January, 1928, appellant owned 150 acres of land, being a part of section No. 26, in block No. 3, in Briscoe county, Texas, which he listed with them for sale, for a consideration of $75 per acre, and agreed to pay them 5 per cent. commission to obtain a purchaser and bring about a sale of the land for the price of $75 per acre; that appellees procured a purchaser in the person of O. K. Hafer, and on February 20, 1928, the sale was consummated, the purchaser paying $75 per acre in cash and receiving a deed from appellant to the land; that thereby the appellant became liable to appellees for the sum of $562.50, for which amount they sue.

The appellant answered by general denial, and specially pleaded by way of cross-action that he, prior to February 21, 1928, sold his home place, and on said date deposited in the First National Bank of Matador, Tex., the sum of $8,650, which was the proceeds of said sale; that on the same day the appellees wrongfully sued out a writ of garnishment and caused it to be served on said bank, thereby preventing the bank from paying to appellant his money; that he was in need of funds, and was forced to and did borrow from said bank $600 on or about February 23, 1928, and is bound and obligated to pay interest on said sum at the rate of 10 per cent. per annum until repaid; that said funds deposited in the bank by him were not subject to garnishment, and he was not indebted to appellees, all of which they knew; that nevertheless they wrongfully garnished said funds to force appellant to pay their alleged claim against him, to his damage in the sum of the interest on his money from February 21, 1928, at the rate of 6 per cent. per annum, and the sum of money he will be forced to pay as interest on the sum of $600, which he borrowed.

Appellant, in his cross-action, asks for actual damages and the sum of $500 exemplary damages.

In a supplemental petition, in reply to appellant's answer and cross-action, the appellees pleaded general denial, and that on or about February 17, 1923, the appellant and his then surviving wife designated as their homestead 200 acres of land off of the south side of said section 26, which designation is of record in the Deed Records of Briscoe county, Texas, volume 18, page 42; that on the same day appellant executed and delivered to Wood Arnold, trustee, for the use and benefit of the Kansas City Life Insurance Company, a deed of trust covering 100 acres of land, set out and described in the deed of trust record above mentioned, which deed of trust and the debt therein described is still a valid and subsisting lien and debt; that thereafter, about the 17th day of March, 1926, the appellant voluntarily filed his partition suit to divide all his lands among his heirs, and the court thereafter partitioned said land as prayed for, and awarded to appellant what is designated as tract No. 1, described as follows: Beginning at the northeast corner of said Hawkins tract of 100 acres; thence east to the east line of survey 26; thence south 825 yards; thence west 880 yards; thence north 825 yards to the place of beginning, containing 150 acres of land; that the land last above described is the land mentioned in appellees' original petition, and is the same land that appellant conveyed to O. K. Hafer, who assumed the debt due the Kansas City Life Insurance Company, and the appellant is now estopped to say that the proceeds of the sale of said land are exempt.

The instruments referred to in the pleading disclose that the 150 acres of land, for the sale of which a commission is sought to be recovered, consists of 50 acres of the 200 acres of land designated by appellant and his wife on the 17th day of February, 1923, as their homestead, and the 100 acres of land upon which appellant executed a deed of trust to the Kansas City Life Insurance Company. The 50-acre tract and said 100-acre tract are contiguous and constitute what is designated as tract No. 1.

In response to special issues submitted by the court, the jury found in substance that the appellant listed said 150 acres of land with the appellees for sale and that the appellees were the procuring cause of the sale to O. K. Hafer, and that appellant, just prior to the sale, was claiming as his homestead only the 50 acres upon which his house was situated. Upon these findings the court ren-

dered judgment against appellant and in favor of appellees for the sum of $562.50, with interest thereon at the rate of 6 per cent. per annum from the date of the judgment until paid, and for costs of suit, from which judgment this appeal is prosecuted.

The appellant challenges as error the action of the court in submitting to the jury the issue as to whether the appellant, just prior to the sale, was claiming as his homestead all of the 150 acres that he owned, or was claiming only the 50 acres upon which the house was situated, because the testimony conclusively establishes that the entire 150 acres was defendant's homestead at the time of the sale.

The record discloses that appellant, who is 74 years old, had resided in the house in which he lived at the time of the sale for 28 years and had made 29 crops on the property; that at the time of the sale to Mr. Hafer the 150 acres was all the land he owned; that he raised his children on the place, and his wife died there about 3 years preceding the trial; that after her death he continued to reside in the house with his niece, who kept house for him; that about a year after his wife's death a partition was had between him and his children, and there was awarded to him by the court the 150 acres of land, for the sale of which a commission is sought; that in the partition with his children they acquired 150 acres of the 200 acres of land that had been designated by appellant and his wife, in February, 1923, as their homestead; and that appellant acquired 50 acres of said 200 acres of land, together with the 100 acres upon which he had executed a deed of trust lien to the Kansas City Life Insurance Company, and at the time of the listing and sale of the 150 acres appellant owned no other land. The appellees contend that the designation of the homestead in 1923 and the execution of the deed of trust lien thereon is sufficient to show that said 100 acres of land had been abandoned as a homestead.

■ The surviving husband is entitled to the protection afforded the homestead from forced sale after the death of his wife, so long as he uses it as a homestead, and he may exchange it for another homestead, which will receive like protection. Watkins v. Davis, 61 Tex. 414; Schneider & Brother v. Bray, 59 Tex. 668.

■ The partition of the land between appellant and his children, by which they received 150 of the 200 acres that had been designated in 1923 as a part of the homestead, under the facts revealed in this record, was but an exchange of said 150 acres by appellant for the 100 acres upon which he had given a lien to the Kansas City Life Insurance Company. Compton et al. v. Woodward (Tex. Civ. App.) 188 S. W. 271.

■ As between appellant and the Kansas City Life Insurance Company, he would not be allowed to assert any homestead rights on the 100 acres upon which the deed of trust was given, but the fact that he exchanged his interest in a portion of the homestead theretofore designated for the 100 acres of land, against which there was a lien, would not estop him from asserting, as against appellees, his homestead rights.

■ In our opinion, the evidence in the record is not sufficient to authorize a finding that appellant had abandoned his homestead interest in the 100 acres of land mortgaged to the Kansas City Life Insurance Company. Bell et al. v. Crabb et al. (Tex. Com. App.) 244 S. W. 371; Bayless v. Guthrie et al. (Tex. Com. App.) 235 S. W. 843; Little et ux. v. Baker et al. (Tex. Com. App.) 11 S. W. 549.

■ Appellant assigns as error the action of the court in admitting, over his objection, the designation of the homestead made by appellant and his wife and the deed of trust given by appellant to the Kansas City Life Insurance Company. This assignment will be overruled, for the reason that this testimony, together with the partition of the estate, would be admissible, we think, on the question of appellant's right to recover exemplary damages.

■ The proceeds of the sale of the homestead were not subject to garnishment within six months after the sale of the homestead (R. C. S. art. 3834), and the measure of damages for impounding the proceeds of the homestead by garnishment was 6 per cent. interest on the sum of money impounded. Battle & McKinney v. White, 58 Tex. Civ. App. 252, 124 S. W. 216.

■ The appellant presents as error the action of the court in refusing to submit, at his request, an issue as to whether or not he was entitled to recover exemplary damages. As requested, this issue did not require a finding of all the elements necessary to constitute exemplary damages, and the court did not err in refusing to submit the issue, as requested.

The testimony was sufficient to support the finding of the jury that appellant had listed with appellees his land for sale and promised to pay 5 per cent. commission thereon, but, as revealed by this record, appellant was entitled to recover on his cross-action 6 per cent. interest on the money impounded.

Because, in our opinion, the testimony is insufficient to show that appellant had abandoned any part of the 150 acres of land as his homestead, the judgment is reversed and the cause remanded.