**ALLIED FINANCE COMPANY et al.,**
Appellants,

v.

**William Joe KELLY, Appellee.**

No. 3590.

Court of Civil Appeals of Texas.

Waco.

Oct. 30, 1958.

Rehearing Denied Nov. 20, 1958.

Jones, Phillips & Watkins, Dallas, for appellant.

H. A. Coe, Jr., Kountze, for appellee.

TIREY, Justice.

This is a plea of privilege action (non-jury). The defendants have perfected their appeal from an order overruling their respective pleas of privilege to be sued in Dallas County, the county of their residence. At the request of defendants the trial court filed findings of fact and conclusions of law. We quote them substantially:

"Findings of Fact

"1. Allied Finance Company is a private corporation duly organized, existing and doing business under and by virtue of the laws of the State of Texas.

"2. The defendant Allied Finance Company recovered a money judgment against William Joe Kelly, for $441.81, plus $66.27 attorney fees and interest, in cause No. 104240–B, in the County Court at Law No. 2 of Dallas, Dallas County, Texas, a court of record, on August 27, 1954.

"3. No execution issued on such judgment within 12 months after the date of its rendition, and no execution has ever issued on said judgment at any time thereafter.

"4. At all times pertinent to this suit, the defendant D. L. Craft was an agent, servant, employee and/or official of the defendant Allied Finance Company, acting in the capacity of Vice President for such defendant during such time and in the course and scope of his employment and authority with such defendant, Allied Finance Company.

"5. On or about May 1, 1957, the defendant D. L. Craft, acting in the capacity found in the preceding finding of fact, signed and swore to an affidavit and/or application for writ of garnishment after judgment in garnishment No. 460–B in the County Court at Law No. 2 of Dallas County, Texas.

"6. The affidavit and/or application for garnishment, dated May 1, 1957, stated among other things that 'said judgment is final, valid and subsisting, and that the defendant has not, within the knowledge of the plaintiff, or the person making the affidavit in support of this application, property in his possession within this state · subject to execution sufficient to satisfy said judgment.'

"7. Based on such affidavit a writ of garnishment was issued by said court for service on Peoples State Bank of Kountze, and was served on said bank on May 14, 1957, by a duly authorized member of the Sheriff's department of Hardin County, Texas, by serving same on the President of said bank, at said bank, in Hardin County, Texas.

"8. On June 20, 1957, the defendant Allied Finance Company recovered judgment against said bank as garnishee in said cause for the sum of $218.22, which sum was actually paid by said bank to Allied Finance Company, from plaintiff's bank accounts, in compliance with said judgment, on July 19, 1957.

"9. The defendants thereby caused the bank accounts of plaintiff to be garnisheed in Hardin County, Texas, as reflected by the return of the Sheriff of Hardin County, Texas, on the writ of garnishment in evidence herein.

"10. The defendants in making the application for writ of garnishment on May 1, 1957, represented that the defendant Allied Finance Company at that time had a 'valid, subsisting' judgment and I find that said judgment had not been revived on or before the date of making of such affidavit on May 1, 1957.

"11. I find in the original suit the defendants did not institute scire facias proceedings or suit for debt to revive the original judgment contemporaneous with the affidavit of garnishment, and no attempt was made by defendants to comply with the provisions of Article 5532 of the Revised Civil Statutes of Texas, at any time after the expiration of 12 months from the date of the original judgment and before writ of garnishment was issued. The force and effect of the writ of garnishment, issued under the prevailing facts and circumstances, was sus-

pended until the defendants revived the judgment as provided by Article 5532.

"12. Plaintiff, on and after October 6, 1955, owned Lots 1 and 2 in Block 19 of the Smith-Feagin Addition to Kountze, Texas, and that said lots were and are subject to execution, in this state, in the possession of plaintiff sufficient to satisfy such judgment.

"13. Plaintiff herein, by telephone conversation with the attorney of record representing defendants herein, advised said attorney that he owned such land and requested that said attorney accept or sell the land or attach the judgment to the land and 'lift' the garnishment from his bank accounts and to advise the garnishee bank not to send the impounded funds to Allied Finance Company and that such telephone conversation took place before the judgment against the garnishee bank was rendered on June 20, 1957, and before the garnishee bank had paid the funds to Allied Finance Company on or about July 19, 1957.

"14. Defendants had actual knowledge of the fact that plaintiff owned such land before the judgment was rendered against the garnishee on June 20, 1957, and before said garnishee paid the impounded funds to Allied Finance Company on or about July 19, 1957.

"15. All of such facts were plead and proved by plaintiff on the hearing of the pleas of privilege herein.

"16. The record contains sufficient evidence of damages sustained by plaintiff herein on which a jury could find a verdict on a trial on the merits for plaintiff for an amount of money within the jurisdiction of the District Court of Hardin County, Texas, and that such damages occurred in Hardin County, Texas.

"17. Plaintiff herein plead and proved a cause of action against the defendant Allied Finance Company, and a part thereof arose in Hardin County, Texas.

"18. Plaintiff's suit is brought against two defendants, and venue is properly maintainable in Hardin County, Texas, against the defendant Allied Finance Company, and the defendant D. L. Craft is liable jointly and severally with such defendant and is a necessary party to plaintiff's suit and that venue is properly maintainable in Hardin County, Texas, against the defendant D. L. Craft.

"Conclusions of Law

"1. Article 3773, Revised Civil Statutes of Texas, as amended in 1933, [Vernon's Ann.Civ.St. art. 3773], does not conflict with and does not repeal Article 5532, Revised Civil Statutes of Texas.

"2. I conclude that Article 3773 and Article 5532, since they are not in conflict with each other, must each and both be given force, effect and application, and that defendants not having complied with the provisions of Article 5532 by having execution issued on the judgment within 12 months after its rendition and further not having instituted a proceeding in the nature of scire facias or a suit for debt, as provided by Article 5532, to revive the origial judgment, after the 12 months had elapsed and before or at the time of the application for and granting of the writ of garnishment, the judgment was not a valid and subsisting lien and judgment to support the issuance of a writ of garnishment.

"3. I conclude that the defendants not having complied with, or attempting to comply with, the provisions of Article 5532, before writ of garnishment issued, such failure on their part would suspend the satisfaction of the

judgment by issuance of garnishment thereon, until such judgment revival proceedings were instituted.

"4. A garnishment is not an execution.

"5. That Article 5532 should be strictly construed.

"6. The garnishment proceeding was based solely on the original judgment of August 27, 1954, was not a proceeding to revive and was not based on a proceeding to revive said judgment.

"7. I conclude that plaintiff has alleged and proved a cause of action as set out in his first amended original petition against the defendant Allied Finance Company as for damages based on the wrongful garnishment of his bank accounts, and that said cause of action, or a part thereof, arose in Hardin County, Texas, within the venue and jurisdiction of the District Court of Hardin County, Texas.

"8. Venue of this suit is properly maintainable in Hardin County, Texas, against the defendant Allied Finance Company by virtue of Section 23 of Article 1995, Revised Civil Statutes of Texas, and that the defendant D. L. Craft, is a necessary party to the suit and venue is properly maintainable against him in Hardin County, Texas, by virtue of Section 29 of Article 1995, Revised Civil Statutes of Texas."

■ Defendants seasonably filed objections and exceptions to the findings of fact and conclusions of law and thereafter filed request for additional findings of fact and conclusions of law. The exceptions were in effect overruled. The requests for additional findings were denied in part and granted in part in that some of the other findings were modified, but owing to the fact that a complete statement of facts accompanies the record, and since we are of the view that the controlling facts in the record here are without dispute, and

since, under the foregoing conditions, the findings of fact are not conclusive on us under the rule announced in Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156, points 2–3 at page 158, there is no necessity to set out or comment upon the objections and exceptions filed by the appellants, nor to the amended findings filed by the trial court. The trial court did not change its conclusions of law.

The judgment is assailed on what appellants designate as seven points. They are substantially to the effect that the court erred in the following particulars: (1) in holding that the judgment of the Allied Finance Company against appellee was not valid and sufficient to support the issuance of writ of garnishment; (2, 3 and 4) in holding that appellee failed to allege a cause of action for wrongful garnishment because he failed to allege that appellants, or either of them, had knowledge at the time of the application for issuance or service of the writ of garnishment that appellee owned property within this State subject to execution sufficient to satisfy the judgment; (5) in holding that the damages sustained by appellee were sufficient in amount to sustain the jurisdiction of the district court; (6) in holding that the cause of action, or a part thereof, arose in Hardin County, and that venue in such suit was properly maintainable under exception No. 23, Art. 1995, V.A.C.S., against the appellant Finance Company; and (7) in holding that venue was properly maintainable in Hardin County against appellant D. L. Craft under exception No. 29, Art. 1995, V.A.C.S.

■ We think it is obvious, after considering the conclusions of law, that the trial court grounded his holding in this cause to the effect that garnishment issued was wrongful because the judgment was dormant for the reason that no execution had been issued within twelve months from the date the judgment was rendered. It is also obvious that the court's views in this respect are erroneous and that such views are in direct and irreconcilable

conflict with the decisions of the Texarkana Court in Cox v. Nelson, 223 S.W. 2d 84, 85, writ ref. by S.Ct. The court, in the above case, after setting out Art. 3773, V.A.C.S., which was amended by the 43rd Leg., Acts 1933, Chap. 144, p. 369, made this observation: "It is to be observed that above statute provides that a judgment in any court of record shall become dormant only in the event no execution is issued within ten years after rendition of the judgment." The reasons set out by the Texarkana Court, in discussing this statute, are clear, and since the opinion of the Texarkana Court had the outright approval of the Supreme Court, further comment here would be of no avail. That leads us to say that the findings of fact show clearly that the judgment upon which the garnishment proceedings were based was not dormant, but on the contrary that such judgment was in all things valid and subsisting at the time the writ of garnishment was issued.

As we understand the conclusions of law of the trial court, such court was of the view that the garnishment was wrongfully issued because at the time the writ of garnishment was applied for, the appellee had property sufficient to satisfy the judgment held by the appellant, and that appellants had notice thereof, and that appellants made or caused to be made a false affidavit when they swore to the effect that the appellee did not have property in his possession within the state subject to execution sufficient to satisfy the judgment in question. We find no merit whatsoever in either of these contentions. Appellee went to trial on his first amended original petition. We quote the pertinent part of paragraph 2 of this pleading:

"On or about August 27, 1954, and subsequent thereto, the defendant, Allied Finance Company, was the holder of a judgment against plaintiff herein, from the County Court-at-Law No. 2 of Dallas County, Texas, for $441.81 plus $66.27 attorney fees and interest, in case No. 104240–B; that no execu-

tion was issued on such judgment within 12 months after said date or at any time thereafter, and said judgment has not been revived by a scire facias proceeding or an action of debt brought thereon and is, was and has been at all times pertinent to this suit, inoperative, dormant and inactive; thereafter, on or about May 1, 1957, prior thereto and at all times pertinent to this suit, the defendant, D. L. Craft, was an agent, servant, employee and/or official of the defendant, Allied Finance Company, then and there serving in the capacity of Vice-President for said Company at all times pertinent to this suit, and that while so acting, individually and as aforesaid, on or about the date above mentioned, signed and swore to be true an affidavit and/or an application for writ of garnishment after judgment, all based on the above mentioned judgment, which affidavit or application stated, among other things, that 'said judgment is final, valid and subsisting,' and that 'the defendant has not, within the knowledge of the plaintiff, or the person making the affidavit in support of this application, property in his possession within this State subject to execution sufficient to satisfy said judgment'; that such statement was and is false and untrue, in that said judgment was not valid and subsisting, and plaintiff was and is the owner of such property, namely, Lots 1 and 2 in Block 19 of the Smith-Feagin Addition to Kountze, Texas, which lots were and are subject to execution and are of a value sufficient to satisfy such judgment; * * *."

We find no allegation in the pleading that appellants had knowledge or constructive notice of the foregoing property. There is no allegation to the effect that the appellants, or either of them, knew or had any notice of the ownership of such property claimed by appellee. Moreover, there is no proof whatsoever that plaintiffs

had any knowledge or notice of this property at the time the application for garnishment was made, nor at the time it was issued and levied. It is true that the appellee was permitted to testify to the effect that after the garnishment was levied on the Peoples State Bank at Kountze, Texas (and before judgment was entered in the garnishment proceeding) that he called the attorney for appellants over long distance telephone and told him about this property, and appellee was permitted to tender in evidence over objection an unrecorded deed from B. G. Lindsey et al., conveying to W. Joe Kelly and wife, Zelda Kelly, Lots 1 and 2, in Block 19, of the Smith-Feagin Addition to the town of Kountze, Hardin County, Texas. There is no date on the deed but it appears to have been acknowledged on the 6th of October, 1955. The consideration recited in the deed was $100 cash and the further consideration of the execution of one installment vendor's lien note in the sum of $400, being a total consideration of $500. (There is no pleading or proof that the $400 note, or any part thereof, had been paid). The property was unimproved. It is our view that under the undisputed record there is no pleading or proof to the effect that the affidavit for garnishment was false, so here we have the existence of a valid judgment that was clearly established. Moreover, there is not a word of testimony tending to show that appellant Craft, who made the affidavit for garnishment, had any knowledge of Lots 1 and 2, described in the unrecorded deed, at the time he made the application for garnishment. So, after reading carefully the Statement of Facts, we are of the view that appellee failed to show that appellants knew of sufficient property to satisfy their debt, subject to execution, owned by appellee at the time the application for the writ of garnishment was applied for, nor at the time it was issued and levied. (The appellee did not elect to controvert the answer of the garnishee, nor to contest the garnishment proceeding in any manner.

See Rule 673, Texas Rules of Civil Procedure). See Edmondson v. Carroll, Tex.Civ. App., 134 S.W.2d 378, point at page 387; also Griffin v. Cawthon, Tex.Civ.App., 77 S.W.2d 700, writ ref. We are of the further view that the testimony tendered by appellee as to damages he suffered is without any probative force whatsoever. (If we are mistaken in this view, they are too remote).

It follows from what we have said that this garnishment was not wrongfully applied for and was not wrongfully issued and levied, and that by reason thereof appellee has wholly failed to show that he has a cause of action against the Allied Finance Company and therefore has not carried his burden to sustain venue under exception 23 of Art. 1995, V.A.C.S. (If we be mistaken in this view that there was no evidence, then it is this court's view that the evidence is insufficient to sustain any finding of damage under the doctrine announced in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660). Since appellee has not carried this burden, he cannot sustain venue in Hardin County against Allied Finance Company, and therefore he cannot sustain venue against D. L. Craft in Hardin County, because Craft is a resident citizen of Dallas County, Texas. We are of the further view that appellants' Points 1–7 inclusive are good and each is sustained.

Accordingly, the judgment overruling appellants' plea of privilege is reversed and rendered and this cause is ordered transferred to one of the district courts of Dallas County, and the clerk of the district court is directed to make up a transcript of all orders in this cause and certify thereto and tax the costs incurred to date against appellee, pursuant to the provisions of Rule 89, T.R.C.P., and transmit the record to the district clerk of Dallas County, Texas.

HALE, J., took no part in the consideration and disposition of this case.