Sam KING, Appellant,

v.

Jim TOM, Appellee.

No. 5495.

Court of Civil Appeals of Texas.

El Paso.

Dec. 6, 1961.

G. G. Hazel, Midland, for appellant.

Stubbeman, McRae, Sealy & Laughlin, Boyd Laughlin, Midland, for appellee.

FRASER, Justice.

This is an appeal from a judgment rendered by the District Court of Midland County. No jury was used, the court granting judgment for balance due on note, attorney's fees, and interest. The original suit was filed on a note in the principal sum of $2,800.00, alleged to have been executed by appellant in favor of appellee, December 1, 1958. It was an installment note with the usual provisions for attorneys' fees and acceleration. It appears that the note was given by appellant to appellee as part of a deal wherein appellant was buying some land from Josephine and C. P. Filler. The Statement of Facts is in narrative form and, of course, having been agreed to by both parties, we accept it at face value. In this Statement, appellant states that as the result of a conversation with Mrs. Filler, he met her in the office of appellee, Mr. Tom, and concluded the deal to buy the lots in question; further, that it was agreed that the purchase price was $4,000.00, of which he was to pay $1,200.00 to the Fillers for their equity, and then he states as follows: "For the balance of the property and for the interest of Mr. Jim Tom, as I understood, I executed a vendor's lien note to Mr. Tom in the sum of $2,800.00." It seems that the Fillers had owed the sum of $2,800.00 to Mr. Tom before appellant bought the property. One payment was made on this note in the amount of $125.00. It appears from the record that appellant deemed it necessary to file a trespass to try title suit, claiming that the title was insufficient. In his pleadings, appellant maintains that if he is successful in disposing of "an adverse claimant to the title to the said land". and if his (appellant's) title is established and sustained in said suit, then he expects to satisfy the note herein sued upon; but should he not be successful, he claims the note should not be enforced because of the breach of warranty of the said Fillers and Jim Tom. This is a situation where a purchaser of real estate paid part cash and executed a vendor's lien

to a third party; in other words, to someone other than the vendor.

We have examined the exhibits, and the note executed by appellant appears to be legal and regular on its face, and recites the consideration as "for value received." There is a deed, also, apparently regular, from Mr. and Mrs. Filler (only) to appellant. We, of course, will have to be guided in this matter by the rule that, as a reviewing court, we must indulge all reasonable intendments and presumptions not contradicted by, or inconsistent with, the record, in favor of the proceeding below and in support of the action and rulings of the trial court. 4 Tex.Jur.2d 286.

Appellant's first four points allege that the note was without consideration, failure of consideration, no legal delivery, and that the note was a unilateral agreement. We do not find merit in the two points referring to consideration. As stated above, the note is regular on its face, and no claim of fraud or ambiguity is made. Mr. Tom did not deed this property to the appellant and could not be responsible for any title defects. There is some confusion as to whether Mr. Tom was to release a note in the same amount which he held against the Fillers, or whether he was to loan the stated amount of money to appellant. In any event, we do not find in this record proof of failure of consideration as the law prescribes. Appellant bought the land from Fillers and made the note to Mr. Tom. These two points are therefore overruled.

In this same group of points, appellant claims there was no legal delivery of said note to appellee. We do not find merit in this point, as appellee apparently had the note to bring suit upon, and it will be presumed, not only by law, but in support of the judgment, that his possession of the note in his favor was accomplished by due delivery of same. We also overrule Point 4, as we are unable to find sufficient evidence to prove appellant's argument that

this note constituted a unilateral contract. It must not be overlooked, with reference to these points, that appellant did make one payment of $125.00 to appellee, and stated in his pleadings that he would pay the note if his title became satisfactory. As to being unilateral, by his own testimony appellant executed this note in the presence of the Fillers and the appellee, as part of the purchase price of the property. It has been held that one who occupies a position such as appellee occupies here—in other words, the holder of a vendor's lien note without having been the vendor—does not become a warrantor of the title to the land. Roberts v. Prather, 158 S.W. 789 (Civ.App.1913, no writ history). Then, too, it cannot be denied that the note or the deed do not contain any contingent or executory provisions, and it appears that appellant gave this note as part of the purchase price, in the method requested by the Fillers and Mr. Tom.

In his fifth, seventh, tenth and eleventh points, appellant maintains that the trial court did not dispose of all of the issues in the case. The judgment is short and formal, and recites, after the usual preamble, that "the court is of the opinion and finding that the law and facts are with the plaintiff, Jim Tom", and then proceeds to render judgment in his favor for balance due on note, attorneys' fees and interest. Appellant complains that the court does not make specific itemized disposition of his cross-action. We think the judgment, by its terms, disposes of all of the matters before the court. 3 Tex.Jur.2d 355 et seq. The above text states, among other things— "Thus, a judgment for the amount claimed by plaintiff's petition is necessarily a finding against a counter claim: * * *" That is what the court did here, when he rendered judgment in favor of the appellee for the amount claimed.

Appellant's Points 7 and 10 complain of the failure of the trial court to release certain funds that had been subjected to garnishment. This matter was apparently not before the trial court, and, of course,

such has always been an ancillary proceeding depending on the main suit. Walton & Stockton v. Corpus Christi Nat. Bank, 185 S.W. 369 (Civ.App., no writ history). This case merely illustrates the well-known law that garnishment must depend on the outcome of the main, or original, lawsuit.

■ As to the point stating that the court should have foreclosed the vendor's lien, we find no merit in this point that would accrue to the benefit of appellant, as he is being sued for the amount due on the note, and it is difficult to see why he feels harmed by a judgment that does not foreclose the lien in the note executed by him. In any event, by his own admission, there exists a dispute as to the title to this property, and it is not likely that the court could have determined, until such dispute was resolved, whether or not plaintiff had a good vendor's lien that was forecloseable. These points are therefore overruled.

■ Appellant, in Points 6, 8 and 9, complains of the refusal of the trial court to hold for him in his cross-action where, he alleges a wrongful garnishment. First, it must be remembered that appellant did make one payment on this note, and then ceased to make any payments; also, that there was a lawsuit over the title to the land. Appellee garnished a sum in the neighborhood of $1,200.00 found in two Midland banks. Appellant argues that this was wrongful, because he says there were properties in his name in Midland worth more than the amount sued for by Mr. Tom. This matter was one for the court to accept or reject, as the record shows no proof other than appellant's own statement; nor does appellant make adequate proof that appellee knew or should have known of appellant's other resources or properties. It has been held that, to prevail in a wrongful garnishment action, the injured party must not only show that he had sufficient unencumbered property to satisfy the debt, but also that his adversary had knowledge of the existence of such property. Such proof is not present here. Edmondson v.

Carroll, Tex.Civ.App., 134 S.W.2d 378 (wr. dis'm., judgment correct); Allied Finance Co. v. Kelly, Tex.Civ.App., 317 S.W.2d 790 (wr. dis'm.). We do not believe that the appellant, here, has presented adequate proof to support his cross-action asserting wrongful garnishment of his funds. It is not clear from the record that he ever made any attempt to free said funds in the method provided by law. He states that he was damaged and handicapped by the impounding of this money. He does not point out why, if he had other unencumbered property with a value in excess of the amount claimed by appellant (which he implies should have been taken), he did not or could not use such property, or its value, to effect the release of the $1,206.10 which was impounded.

These three points, then, along with all the other points of error presented by appellant, are accordingly overruled, and the decision of the trial court affirmed.