INDUSTRIAL STATE BANK OF HOUSTON, Texas, et al., Appellants,

v.

B. G. WYLIE, Appellee.

No. 7466.

Court of Civil Appeals of Texas, Beaumont.

March 22, 1973.

Charles D. Boston and Sim Lake, c/o Fulbright, Crooker & Jaworski, Houston, Sam Dawkins, Jr., c/o Eastham & Meyer, Houston, for appellants.

Sidney Ravkind, c/o Mandell & Wright, Houston, for appellee.

STEPHENSON, Justice.

This is an appeal from an order overruling defendants' pleas of privilege. There are no findings of fact or conclusions of law. The parties will be referred to here as they were in the trial court.

B. G. Wylie, as plaintiff, filed this action for damages in Brazoria County against defendants, Industrial State Bank of Houston, Texas and Sam Dawkins, Jr. Plaintiff alleged that both defendants could be served in Harris County. His petition also showed that the Bank obtained a judgment on May 1, 1972 against him in the amount of $33,087.50 and on May 5, 1972, defendants filed an affidavit in an application for a writ of garnishment which contained the following statement: "That defendant [Wylie] has not within the knowledge of affiant, property in his possession, within this State, subject to execution, sufficient to satisfy said Judgment." A writ of garnishment was issued to First Capitol Bank, West Columbia, Texas, which was served on the Bank on May 11, 1972. Plaintiff (Wylie) alleges that he suffered damages to his business, reputation, and person as a result of the "false and/or malicious" affidavit." Both defendants filed pleas of privilege to be sued in Harris County, their residence and domicile. Plaintiff filed a controverting affidavit relying upon Art. 1995, §§ 8 and 29, Vernon's Ann.Civ.St. to retain venue in Brazoria County. The pleas of privilege were heard on October 9, 1972, and taken under advisement by the court. Then, on November 8, 1972, plaintiff filed an amended controverting affidavit, alleging additional grounds for retaining venue in Brazoria County under Art. 1995, §§ 23 and 29a, V. A.C.S. Defendants immediately objected to the consideration of the new pleading. The pleas of privilege and the objections to the amended controverting affidavit were overruled by the trial court on November 20, 1972, without showing the basis for such ruling.

Plaintiff states in his brief in this court that his amended controverting affidavit superseded his original controverting affidavit and concedes that he did not prove a cause of action of libel. He abandoned §§ 8 and 29 and placed reliance solely upon § 23 (cause of action against corporation) and § 29a (two or more defendants).

■ Defendants' first point of error is that the amended controverting affidavit is defective because it is not verified as required by Rule 86. Plaintiff's verification contains the following: ". . . and that the matters alleged therein [amended controverting affidavit] are true and correct to his best knowledge." Plaintiff's attorney made the affidavit. Rule 86 provides that a controverting plea be made under oath. This point is overruled.

■ It is well settled law in this state that a controverting affidavit containing such words as "on information and belief", "knowledge and belief", "verily believes", "good reason to believe" and "believes to be true" are fatally defective. However, no court has ever condemned the use of the term "to his best knowledge". The term "within my knowledge" was approved in Coker v. Audas, Inc., 385 S.W.2d 862 (Tex.Civ.App., Texarkana, 1964, no writ). See also Knipe v. Rector, 463 S.W.2d 769 (Tex.Civ.App., Fort Worth, 1971, no writ) and Rice v. Tucson Credit Union, 413 S. W.2d 833 (Tex.Civ.App., Texarkana, 1967, no writ). It is the use of the word "believe" which is found to be objectionable by our appellate courts. The words "believe" and "knowledge" or "best knowledge" do not have the same meaning. This court is in agreement with the sentiment expressed by the late Justice Norvell in his dissenting opinion in Leonard v. Maxwell, 365 S.W.2d 340, 347 (Tex.1963), in which this statement is made:

> "Much of the swearing required by our rules relating to pleas of privilege is somewhat incongruous. A lawyer may and usually does swear to the plea of privilege and the opposing lawyer swears to the controverting plea. They both swear to the truth of legal propositions and conclusions and to the existence of facts about which they have no personal knowledge."

Defendants' next point of error is that the trial court erred in allowing plaintiff to amend his controverting affidavit after

the hearing. The cases hold that a controverting plea is amendable under the same rules as other pleadings and, when amended, relates back to and supersedes the original controverting plea. Plaintiff cites three cases in which amendments were permitted after the hearing and before the order overruling the plea of privilege. In Heldt Bros. Trucks v. Alvarez, 461 S.W.2d 448, 451 (Tex.Civ.App., San Antonio, 1970, dism.), at the conclusion of the evidence, defendant filed a motion to hold the controverting plea insufficient because it did not incorporate within it the original or amended petition. The trial court granted plaintiff leave to amend, which he did in substantially the same form except that the petition was expressly incorporated into the controverting plea. In French Drilling & Well Service v. Wilson Mfg. Co., 307 S. W.2d 624, 626 (Tex.Civ.App., Fort Worth, 1957, dism.), at the time set for a hearing on the plea of privilege, defendant moved to dismiss the suit because plaintiff's petition did not allege that the cause of action arose in the county in which the suit was filed. Plaintiff asked for leave of the court to file amended pleadings to supply that allegation, which was granted. The judge then proceeded to hear the evidence and the amendment was filed sometime later. The court of civil appeals pointed out as important that defendant did not at any time ask leave to withdraw its announcement of ready and affirmed the trial court's action overruling the plea of privilege. In Hentzen v. Oldt, 298 S.W.2d 272, 275 (Tex.Civ.App., Dallas, 1956, no writ), a week after the hearing on the plea of privilege, plaintiff filed an amended petition and an amended controverting plea. The trial court had suggested the filing of the amended petition and no objection was ever made to such filing. The trial court overruled the plea of privilege and the court of civil appeals found no error. It is stated in its opinion that the amended petition did not allege a new cause of action or change the cause of action alleged in the original petition.

None of those cases are similar to the one before this court. When plaintiff asked leave of the trial court to file the amended controverting plea, defendants filed their written objections and exceptions in which, among other things, they alleged surprise and asked that leave be denied or, in the alternative, if the court allowed the amendment to be filed, that they be permitted to file amended pleadings and have a hearing on the amended pleadings.

This court has found no cases which sustain the action of the trial court. It cannot be said that defendants waived any objection that they had to the amended pleadings by trying the new issues raised by consent under Rule 67. No objection could have been made by defendants to the evidence offered by plaintiff as not being supported by the pleadings because all of the evidence was admissible on the issues then before the court. It was error for the trial court to permit the plaintiff to abandon all of the grounds relied upon by him in his original controverting plea and allow him to allege new grounds in an amended plea after the hearing. The error is then compounded by the refusal by the trial court to allow defendants to have a hearing on the amended plea. This point of error is sustained.

Defendants have an additional point of error to the effect that, assuming that it was not error to allow the amended pleading, plaintiff still failed to prove a cause of action as required under § 23. Two essential elements of plaintiff's cause of action were that plaintiff had property in the State of Texas subject to execution and that defendants knew plaintiff had sufficient unencumbered property to satisfy the debt. King v. Tom, 352 S.W.2d 910, 913 (Tex.Civ.App., El Paso, 1961, no writ); Allied Finance Company v. Kelly, 317 S.W.2d 790, 794 (Tex.Civ.App., Waco, 1958, dism.); and Griffin v. Cawthon, 77 S.W.2d 700, 702 (Tex.Civ.App., Fort Worth, 1934, error ref.). The statement of facts shows that plaintiff was the only

witness to testify at the hearing. He did not furnish defendants a financial statement. There is no competent evidence in this record to show defendants knew plaintiff had sufficient unencumbered property to satisfy the judgment. This point of error is sustained.

Reversed and remanded with instructions to the trial court to transfer this case to Harris County.