**CANYON LAKE BANK, Appellant,**

v.

**Clay TOWNSEND, Appellee.**

No. 13443.

Court of Appeals of Texas, Austin.

April 20, 1983.

Rehearing Denied May 11, 1983.

Edwin K. Nolan, Canyon Lake, for appellant.

John H. Gordon, Jr., San Antonio, for appellee.

Before PHILLIPS, C.J., and SHANNON and POWERS, JJ.

POWERS, Justice.

Canyon Lake Bank appeals the trial court judgment awarding Clay Townsend a money judgment on the jury's verdict in his suit

for wrongful garnishment. We will reverse the judgment and here render judgment that Townsend take nothing by his suit.

Canyon Lake Bank obtained against Townsend a money judgment for debt, rendered February 12, 1979 in the Comal County Court-at-Law. On March 28, 1979, the judgment having become final upon rendition by the judge, Tex.R.Civ.P.Ann. 657 (1967),[1] Canyon Lake Bank filed in the same court its application for a writ of garnishment, the judgment debt not having been paid or otherwise satisfied by Townsend, an attorney at law. Canyon Lake Bank designated the First National Bank of New Braunfels as defendant in the garnishment proceeding. The writ was duly issued and executed. Before the First National Bank appeared and answered in the garnishment proceeding, several bank checks were presented to it for payment, drawn by Townsend on checking accounts he had in the bank. The First National Bank dishonored the checks. Among the checks was one drawn by Townsend against his escrow or trust account.

On April 13, 1979, about nine days after the writ of garnishment was served on the First National Bank, Townsend protested to it that the check drawn against his trust account had been dishonored. The First National Bank communicated Townsend's protest to Canyon Lake Bank, which consented the same day to payment of the trust account check. Thereafter, Townsend sued the Canyon Lake Bank for wrongful garnishment, alleging that the impoundment of his trust account was a proximate cause of actual damages to him in the amount of $40,000.

The jury found in answer to special issues that the funds in Townsend's trust account belonged entirely to persons other than Townsend; and that the issuance of the writ of garnishment proximately caused damage to Townsend's professional reputation and good will in the amount of $20,000 and a loss in future earnings by him in the amount of $12,464.45. The trial court rendered judgment on the verdict and this appeal ensued.

■ It is beyond dispute that the funds in the trust account maintained by Townsend in the First National Bank were not subject to impoundment by the writ of garnishment. *Belva Oil Co. v. Lowe,* 27 S.W.2d 599, 600 (Tex.Civ.App.1930, no writ); *King & King v. Porter,* 229 S.W. 646 (Tex.Civ. App.1921) rev'd on other grounds, 113 Tex. 198, 252 S.W. 1022 (Tex.1923). Moreover, it is apparent from the parties' respective positions on appeal that their dispute involves only questions of law.

Canyon Lake Bank, in its first point of error, contends there was no evidence to establish a cause of action for wrongful garnishment. Post-judgment applications for writs of garnishment may be granted, and the writ issued, when the judgment creditor "has a valid, subsisting judgment and makes affidavit that the defendant has not, within his knowledge, property in his possession within this State, subject to execution, sufficient to satisfy such judgment." Tex.Rev.Civ.Stat.Ann. art. 4076 (1966). "A garnishment is wrongful if the allegations set forth in the affidavit as prescribed by [the] statute are false." Jarvis, *Creditor's Liability in Texas for Wrongful Attachment, Garnishment, or Execution,* 41 Tex.L. Rev. 692, 705 (1963). Townsend contends that the garnishment was wrongful on two alternative legal theories supported by the evidence.

■ First, Townsend asserts that wrongful garnishment was established by the admitted failure of Canyon Lake Bank to state in its affidavit that Townsend, within the knowledge of Canyon Lake Bank, did not possess property in Texas which was subject to execution and sufficient to satisfy the judgment against him. We disagree. The affidavit required to support the issuance of a writ of garnishment is the pleading of the applicant for the writ. Townsend, as the judgment debtor, was not a party to the garnishment proceeding be-

---

1. Effective January 1, 1981, judgments are final for purposes of garnishment on the date the judgment is *signed.* Tex.R.Civ.P.Ann. 657 (Supp.1982).

tween the two banks although he was under the rules entitled to notice thereof for the purpose of allowing him an opportunity to exercise his right of replevy. Tex.R.Civ.P. Ann. 659, 663a, 664 (Supp.1982). The requirement of art. 4076 that the affidavit include the statement omitted in the present case is for the benefit of the garnishee, here the First National Bank; that is, to spare the garnishee the expense and vexation of a suit in which he has no interest in the rights and liabilities of the judgment debtor and creditor, unless no other property of the former may be had to satisfy the judgment held by the latter. *Buerger v. Wells,* 110 Tex. 566, 222 S.W. 151 (Tex.1920). Omitting from the affidavit the language here omitted is a matter between the parties to the garnishment proceeding, and may serve as a basis for quashing the writ on the garnishee's motion or the omission may be waived by the garnishee's appearance and answer. *Bowers v. Continental Insurance Co., Inc.,* 65 Tex. 51, 52 (1885); *Gottesman v. Toubin,* 353 S.W.2d 294, 299 (Tex.Civ.App.1962, no writ). Even if the applicant for the writ swears falsely that he knows of no property in the State possessed by the judgment debtor sufficient to satisfy the judgment and subject to execution, before the judgment debtor may recover for wrongful garnishment he must plead and prove that he does, in fact, have in the State sufficient non-exempt property to satisfy the judgment and that the judgment creditor knew as much before he applied for the writ of garnishment. *See Griffin v. Cawthon,* 77 S.W.2d 700, 702 (Tex.Civ.App.1934, writ ref'd); *Peerless Oil & Gas Co. v. Teas,* 138 S.W.2d 637, 640 (Tex.Civ.App.1940), aff'd 150 S.W.2d 758 (1942); *King v. Tom,* 352 S.W.2d 910, 913 (Tex.Civ.App.1961, no writ); *Industrial Foundation v. Wylie,* 493 S.W.2d 293, 296–97 (Tex.Civ.App.1973, no writ). These factors were neither alleged nor established in the present case. We hold, accordingly, that a cause of action was not established for wrongful garnishment because of the omission from the affidavit of which Townsend complains.

Second, Townsend contends that his cause of action for wrongful garnishment was established merely by his showing at trial that the funds in his trust account at the First National Bank were "frozen" as a result of the writ of garnishment and that the trust account contained no credits belonging to him, but only to others for whom he held the funds in trust. Our attention has not been invited to any authority, nor have we found in any jurisdiction a case, where a judgment debtor has successfully maintained a cause of action for wrongful garnishment of funds belonging to others, although held by him in trust, seeking damages for injuries sustained by the debtor to his reputation and future earnings.

The writ of garnishment in the present case commanded the First National Bank to appear and answer under oath the following:

1. What, if anything, you are indebted to [Townsend] and were when this writ was served upon you.

2. What effects, if any, of [Townsend] you have in your possession and what effects, if any, of [Townsend] you had in your possession when this writ was served upon you.

3. What other persons, if any, within your knowledge are indebted to [Townsend] or have effects belonging to [Townsend] in their possession.

The record establishes that Townsend did maintain in the First National Bank checking accounts containing funds which did indeed belong to him, and that his trust account in the same bank was clearly identified as such. There is, on the other hand, no evidence that Canyon Lake Bank caused Townsend's trust account funds to be "frozen," which appears from the record to have been merely the unilateral action taken by the First National Bank to avoid exposing itself to liability to Canyon Lake Bank. Tex.Rev.Civ.Stat.Ann. art. 4084 (1966); Tex.R.Civ.P.Ann. 664 (Supp. 1982). The record contains no basis for imputing to Canyon Lake Bank the act of the First National Bank in impounding the funds in Townsend's trust account; that is

to say, there is no basis for concluding that the latter bank acted as an agent of the former or that the former ratified any act of the latter. *Cf. Battle & McKinney v. White,* 58 Tex.Civ.App. 252, 124 S.W. 216 (Tex.Civ.App.1909, no writ). We need not concern ourselves with whether the First National Bank would be liable on any theory to Townsend. *See Chandler v. El Paso National Bank,* 589 S.W.2d 832, 836 (Tex. Civ.App.1979, no writ). The record in the case before us reveals that Canyon Lake Bank, on being informed of Townsend's protest to the First National Bank, immediately consented to excluding from the effect of the writ the funds held in Townsend's trust account. Under the facts of this case we hold that Canyon Lake Bank cannot be held liable to Townsend for wrongful garnishment merely because of the effect unilaterally given the writ by the First National Bank. 6 Am.Jur.2d, Attachment and Garnishment, §§ 605–06 (1963).

We therefore sustain the first point of error raised by Canyon Lake Bank and need not, for that reason, address the remaining points of error.

The judgment of the trial court is reversed and we render judgment that Townsend take nothing by his suit against Canyon Lake Bank for wrongful garnishment, the only cause of action alleged in his pleadings.